(68 South. 189)

No. 20983.

STATE ex rel. FUTCH v. ROCKETT et al.

In re FUTCH.

(March 22, 1915.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. HABEAS CORPUS ☞44, 46—JURISDICTION—COURT OF APPEALS—ISSUANCE OF WRIT.

One judge of a Court of Appeals may order the issuance of a writ of habeas corpus at the instance of a person in actual custody within the circuit of the court of which he is a member, and two members, constituting a quorum, of the court, may determine the issues presented by the return to the writ (the question whether one member can do so not being here presented *or decided*); and it is immaterial in such case that the person on whose behalf the application is made is also within the jurisdiction of a district court, and that the judge of such court is present or absent, since the authority of the respective courts and their judges is concurrent.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 35, 36; Dec. Dig. ☞ 44, 46.]

2. HABEAS CORPUS ☞44, 113—JURISDICTION—APPEAL—COURT OF APPEALS—SUPREME COURT.

While the authority of this court and its members to issue the writ of habeas corpus is limited to cases in which the court "may have appellate jurisdiction," and though, in such cases, the Court of Appeals may also issue such writs at the instance of persons in actual custody within their respective circuits; yet this court, being vested with plenary "control and supervision over all inferior courts," and being especially authorized to review a decision of a Court of Appeals "in any case," may exercise that authority in a case arising from the issuance by a Court of Appeals of the writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 35, 102–115; Dec. Dig. ☞ 44, 113.]

On the Merits.

3. HABEAS CORPUS ☞113 — JURISDICTION — APPEAL—CUSTODY OF CHILD.

The appellate jurisdiction of this court extends to, and is exclusive in, all "suits for divorce and separation from bed and board, and to all matters arising therein," and to all "matters * * * of custody of children"; and the Courts of Appeal have no jurisdiction, whether appellate or original, to review a judgment rendered by a district court in such case. Hence though, upon the hearing of an application for habeas corpus, a Court of Appeals should conclude that a district court had erred in awarding the custody of a child to one or the other of the litigants, it would have no jurisdiction to reverse the judgment and correct the error.

But the Court of Appeals may inquire, in such case, whether, in contemplation of law, there has been any judgment rendered of which the party alleged to have been condemned is bound to take notice; and where, as the result of such inquiry, it appears that such party has been condemned without having been cited or having appeared, a ruling to the effect that the judgment of condemnation is as absolutely null as though nonexistent, and is open to that objection whenever invoked or relied on, will be sustained by this court.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. ☞ 113.]

O'Niell, J., dissenting.

Habeas corpus by the State, on the relation of John N. Futch, against Joseph C. Rockett and another. Judgment for defendants, and relator applies for certiorari or writ of review. Affirmed.

Wimberly, Reeves & Dormon, of Shreveport, for applicant. J. B. Crow, of Farmersville, and R. B. Dawkins and S. D. Pearce, both of Ruston, for defendants.

MONROE, C. J. It appears from the petition addressed to this court, with the exhibits annexed and the return thereto, that on March 25, 1914, John N. Futch, relator herein, confirmed a judgment by default which had been entered in the district court for the parish of Caddo, decreeing an absolute divorce between him and Homie R. Futch, his wife, and awarding him the custody of a boy of the age of about four years, issue of the marriage; that thereafter, on October 5, 1914, he presented a petition to the Court of Appeal, Second Circuit, alleging the facts above stated, and further as follows: That he had placed the minor, Edward Loys Futch, temporarily, in the custody of his father, David L. Futch, in Union parish; that Homie R. Futch (whose maiden name was Homie Rockett), by artifice and false representations, had obtained possession of the child; that she and her father, Joseph C.

Rockett, were unlawfully detaining him and depriving him of his liberty, and that they refused to deliver him to relator, wherefore he prayed for the issuance of a writ of habeas corpus, and an order for the writ was thereupon made by one of the members of the Court of Appeal. Thereafter Mrs. Homie Futch appeared through counsel, and excepted to the jurisdiction of the court, and of the one judge of the court, alleging that:

"This court has no jurisdiction of this case, as the issues averred on are not appealable to this court; and, further, that the habeas corpus proceeding sued out * * * can only be tried and passed upon by the entire membership, or a majority, of this court: that the jurisdiction vested by the Constitution of Louisiana in Courts of Appeal * * * to issue, try, and determine proceedings of habeas corpus is only in aid of the appellate jurisdiction, * * * and such proceedings can only be tried by the judges of the court sitting as a court."

Reserving her rights with respect to the exception thus filed, and further excepting that relator had not alleged the absence of the judge of the district court, Mrs. Futch then answered, admitting that she has possession of the child, and alleging that she refuses to deliver it to relator by virtue of her right "as its natural and legitimate mother"; that her possession has never been legally devested; that she permitted it to spend part of its time with its paternal grandfather, but did not regain possession of it by artifice or misrepresentations; that the child is of tender age, requires her care, and is better cared for by her than it would be by relator; that relator has obtained no valid judgment of divorce against her, and has no lawful authority to take and keep the child; that, if any such judgment was rendered, it is an absolute nullity, for the reason that she was never cited or served with any paper in such divorce proceeding and never authorized any one to accept or acknowledge service of citation or petition for her; that she did not know of the existence of such a proceeding until the filing of the application for habeas corpus; and that the judgment therein rendered, if any there be, was obtained by fraud and collusion, without her knowledge and consent, and is absolutely void.

Joseph C. Rockett, father of Mrs. Futch, answered, denying that he has possession of the child, but alleging:

That he and his wife are able and willing to take charge of it; "that relator is a barber, and has recently married a wife [if she can be so called, which is denied]; that his said wife is a trained nurse, who is kept away from home during a great part of her time, so that the child, if returned to the father, will necessarily be neglected; and that it will be better cared for, physically, mentally, and morally if placed in respondent's home, at least during the early years of its life."

The case, as thus presented, was tried before two of the members, constituting a quorum, of the Court of Appeal, and, after hearing testimony and argument, that learned court gave judgment recalling the writ of habeas corpus, and dismissing the proceeding; and it is the ruling so made that we are now called upon to review.

### On Motion to Dismiss.

[1] Defendants have filed a motion, in the nature of an exception to the jurisdiction of this court, which reads substantially as follows:

"That this court is without jurisdiction to review the decisions of the Court of Appeal in the proceedings under the writ of habeas corpus instituted in the said court * * * as in this case, the Supreme Court * * * having no appellate jurisdiction * * * in habeas corpus cases and the proceedings therein originating in the Court of Appeal; * * * that, in the exercise of its power * * * to issue the writ of habeas corpus and try and determine the proceedings thereunder, the action and decision of the Court of Appeal * * * is not subject to review by the Supreme Court, * * * the appellate court's jurisdiction in such cases being original and concurrent with that of the Supreme Court, and its constitutional powers * * * not inferior to those of the Supreme Court; hence its decisions cannot be reviewed by the Supreme Court."

The Constitution confers authority to issue writs of habeas corpus as follows:

"Art. 93. The Supreme Court, and each of the justices thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, in any case where it may have appellate jurisdiction."

"Art. 104. * * * The Courts of Appeal, and each of the judges thereof, shall have power to issue the writ of habeas corpus at the instance of any person in actual custody within their respective circuits."

"Art. 115. The district judges shall have power to issue the writ of habeas corpus at the instance of any person in actual custody in their respective districts."

Other provisions of the Constitution pertinent to the present inquiry read:

"Art. 85. The Supreme Court, except as hereinafter provided, shall have appellate jurisdiction only, which jurisdiction shall extend * * * to suits for divorce and separation from bed and board, and to all matters arising therein; * * * to all matters of adoption, emancipation, legitimacy and custody of children. * * *"

"Art. 94. The Supreme Court shall have control and * * * supervision over all inferior courts. * * *"

"Art. 101. * * * It shall be competent for the Supreme Court to require by certiorari, or otherwise, any case to be certified from the Court of Appeal to it for its review and determination, with the same power and authority in the case, as if it had been carried * * * by appeal to" said court.

"Art. 102. No judgment shall be rendered by the Courts of Appeal without the concurrence of two judges * * * and should two judges * * * be absent, recused or unable to serve, the remaining judge shall appoint district judges or lawyers with the aforesaid qualifications, to sit in the case."

The Code of Practice, art. 905, declares that:

"When the Supreme Court reverses the judgment of an inferior court, it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively."

It is clear from the foregoing that it was competent for the one judge of the Court of Appeal to issue the writ of habeas corpus herein, since the application was made on behalf of a person alleged to be in actual custody within the jurisdiction of the court, and it was immaterial that such person was also within the jurisdiction of one of the district courts, since the jurisdiction of the respective tribunals and judges in such case is concurrent. It is equally clear that, as two judges of the Court of Appeal constitute a quorum, with authority to act as the court, and as the issues presented by the return of the writ were determined by two judges so acting, the question of the authority of one judge to have determined those issues is not in the case.

[2] It is also clear that, while the authority of this court, and of its members, to issue the writ of habeas corpus, is limited to cases in which the court "may have appellate jurisdiction," and though in such cases the Courts of Appeal may also issue such writs at the instance of persons in actual custody within their respective circuits, yet that this court, being vested with plenary "control and supervision over all inferior courts," and being specially authorized to review the decisions of the Courts of Appeal in "any case" decided by them, may exercise that authority with the same propriety in a case involving the issuance of the writ of habeas corpus as in any other.

The motion to dismiss is therefore overruled.

## On the Merits.

[3] This court, as appears from article 85 of the Constitution, is vested with appellate jurisdiction which extends to, and is exclusive in, "all suits for divorce and separation from bed and board and to all matters arising therein," and to "all matters of * * * custody of children"; and the Courts of Appeal have no jurisdiction, whether appellate or original, to review a judgment by a district court in such case. Hence though, upon the hearing of an application for habeas corpus, one of those courts should conclude that a district court had erred in giving the custody of a child to the one or the other of

two litigants, it would have no jurisdiction to reverse the judgment and correct the error.

In the instant case, however, our learned Brethren of the Court of Appeal devoted their attention to the inquiry whether, in contemplation of law, there had been any judgment rendered of which the party named as respondent in the suit was bound to take notice, and, as a result of that inquiry, reached the conclusion that the counsel by whom that party was thought to have been represented was without authority in the premises, and hence that the judgment granting the divorce as against her, and awarding the custody of the child to her husband, was, and is, an absolute nullity, which can be ignored whenever and wherever invoked.

We make the following excerpts from the opinion of the court as indicating its view upon the question thus stated, to wit:

"We were very much impressed by the contention of the able counsel for the relator that a judgment could not be collaterally attacked except for nullities patent on the face of the record, but a careful investigation has convinced us that counsel's contention is too broad. * * * We think that a party may attack a judgment sought to be enforced against him, for radical nullities at any time, in any way, and anywhere [citing authority].

"If the allegations in defendant's answer are true, she was an absolute stranger to the proceeding which resulted in the judgment which constitutes the sole basis of the right which relator asserts in this case. If she was not cited, or if there was nothing equivalent to citation, the judgment is an absolute nullity. But, more than this, the record does not affirmatively disclose a valid judgment. It was rendered on default, and at the foot of the petition is indorsed the following:

" 'I hereby acknowledge that the defendant Homie R. Futch has been cited and served with the foregoing affidavit and order, in accordance with law, this February 27, 1914, and waived all legal delays.
" '[Signed]    Lowell C. Butler,
               " 'Attorney for defendant.'

"The defendant in her answer, which is verified by her oath, declares, in effect, that no one had any authority to represent her in the divorce suit; that she had no service or citation in that case; and that she did not know that such a suit was pending until the institution of these proceedings. * * *

"On the trial of the case an attempt was made to show the attorney's authority by the following document:

" 'Shreveport, La., Nov. 3, 1913.
" 'Mr. L. C. Butler, First National Bank, City—Dear Sir: My husband, J. N. Futch, is suing me for divorce. I authorize you to represent me in the matter and to sign all necessary papers for me. I am not making any fight against the suit.
" 'Yours truly,
" '[Signed]        Mrs. Evelyn Futch.'

"This document was presented to defendant while she was under cross-examination, and she was asked if she signed it. Her statement in regard to the matter is, substantially, that she did not write it, did not sign it, had never seen it, and that she had never used the name 'Evelyn.' An attempt was made to prove her signature by the relator, defendant's former husband, who testified that the writing was that of his wife. On the other hand, her father testified to the contrary. The document can, therefore, have no effect, for the reason that it is not proved. Defendant admits that she signed and sent by mail to Mr. Butler a paper which authorized him to represent her in a suit against her by her husband for abandonment. But let us assume, for the sake of the argument, that defendant's testimony in regard to the document is untrue, and that she did sign it. The record shows that two days after it was dated, to wit, November 5, 1913, relator filed a suit against his wife for separation from bed and board, on the ground of abandonment, and that suit, from anything that appears to the contrary, is still pending in the first district court. In that suit Mr. Butler simply acknowledged service and citation. It is not contended that the attorney received any other authority from defendant except that given by this document. * * * On March 25, 1914, nearly four months after the above suit was filed, the relator filed one for an absolute divorce, on the ground of adultery. So, even if the defendant did write the document * * * and sign it with the assumed given name, it clearly related to the suit for separation, in which it was used, and cannot be made to do service in a different suit, based upon an entirely different cause of action, and containing allegations which, if established, would forever blast defendant's character as a virtuous woman. We are clear that the judgment upon which relator bases his claim for the possession of the child is an absolute nullity."

Elsewhere in the opinion we find the following:

"When defendant's answer was filed, counsel for the relator, while urging that the court could not look beyond the face of the record for facts upon which to predicate the nullity of the judgment, and while urging this objection throughout the entire trial to all of the evidence dehors the record to establish those facts, nev-

ertheless asked for a continuance of the trial until the testimony of Mr. Butler, the attorney who appears as the representative of the defendant in the divorce suit, could be procured, and the trial was continued until the 29th of October [being a period of some 19 days]."

Mr. Butler did not, however, testify in the case, and the testimony of Mrs. Futch to the effect that the letter of authorization signed by her (whether it be the one offered in evidence or another) was intended for the purposes of the suit for separation from bed and board on the ground of abandonment, instituted in November, 1913, and was not intended for the purposes of the suit for divorce on the ground of adultery, instituted in March, 1914, remains uncontradicted, and is strongly corroborated by other testimony, and by the facts that the conclusion to institute the suit last mentioned was reached long after any letter is said to have been written or signed by Mrs. Futch, and that no one suggests that she was ever informed of the change of purpose. We therefore concur in the view that the appearance, acknowledgment, and waiver purporting to have been made on behalf of Mrs. Futch in the divorce suit were unauthorized by her, and that she was not cited or represented in that suit, and hence that the judgment therein rendered was, and is, as absolutely null as though nonexistent, and that it is open to that objection whenever invoked or relied on. C. P. 206; Conery v. Rotchford, Brown & Co., 30 La. Ann. 693; King v. Pickett, 32 La. Ann. 1006; Conery v. Rotchford, Brown & Co., 34 La. Ann. 520; Walworth v. Stevenson, 24 La. Ann. 251; Decuir v. Decuir, 105 La. 484, 29 South. 932.

It is therefore ordered that the judgment of the Court of Appeal, herein made the subject of review, be affirmed, and that this proceeding be dismissed at the cost of the relator.

See dissenting opinion of O'NIELL, J., 68 South. 192.