(91 South. 68)

No. 24968.

## BARTMESS v. HENDRICKS.

## In re HENDRICKS.

(Jan. 30, 1922.    Rehearing Denied Feb. 27, 1922.)

*(Syllabus by the Court.)*

1. **Statutes ⬅158—Repeal ought never to be inferred when its effect would be to leave the state without a necessary law on some important matter.**

The repeal of a law is a matter of legislative intent, and ought never to be inferred when the effect of such repeal by implication would be to leave no law whatever on a subject about which it is certain that the Legislature meant (since necessity requires) that there should be a positive law of some sort; for instance, as to the manner of holding an election for a public office.

2. **Elections ⬅8—Election statute held not to have been repealed.**

As to towns of less than 2,500 inhabitants, Act No. 137 of 1896 has not been repealed by any subsequent legislation, and accordingly municipal elections in such towns are still governed by the provisions of that statute.

3. **Elections ⬅298(3)—Will not be set aside on account of illegal or improper conduct of officers unless enough innocent voters were deprived of ballots to change result.**

Although an election will not be set aside merely on account of any illegal or improper conduct of some officer or other person in connection therewith, yet, if a sufficient number of innocent voters were thereby deprived of their ballot (or of the effect thereof) to have changed the result, the election will be annulled.

4. **Elections ⬅298(3)—Where sufficient voters were deprived of ballots to have changed result, election will not be awarded to next highest candidate, but annulled.**

The American and better rule, and the one followed in this state, is that where legal voters, sufficient in number to have changed the result, have been deprived of their ballot (or of the effect thereof) without fault on their part, as where the official ballot had been illegally prepared or the candidate of their choice was disqualified, the election will not be awarded to the "next highest candidate," but will be annulled in toto.

5. **Elections ⬅298(3)—Not necessary that contestant or opponent ask election be annulled where sufficient voters have been deprived of ballot to change result.**

In following the American rule aforesaid, it is immaterial that neither the contestant nor his opponent has asked that the election be annulled; for that is the necessary consequence of applying the rule at all.

Provosty, C. J., dissenting.

Certiorari from Court of Appeal, Second Circuit.

Action by U. S. Bartmess against B. R. Hendricks, to contest an election to the office or mayor of the town of Cedar Grove. The district court annulled the election of defendant, but awarded the office to plaintiff, and the Court of Appeal affirmed the judgment, and defendant applies for certiorari or writ of review. Judgments of the district court and Court of Appeal affirmed in so far as they annul the election of defendant, but reversed in so far as they declare plaintiff elected.

See, also, 148 La. 965, 88 South. 234.

Foster, Looney & Wilkinson, of Shreveport, for applicant.

Julius T. Long, of Shreveport, for respondent.

ST. PAUL, J.   This is a contest over an election for the office of mayor of Cedar Grove, a town of less than 2,500 inhabitants. At a primary election previously held plaintiff had been nominated for said office, but his nomination had been set aside at the suit of defendant, and there was not sufficient time in which to hold another primary.

Defendant (being the incumbent) thereupon surreptitiously had his own name printed on the official ballot for the general election, pursuant to an alleged nomination paper wholly irregular and insufficient under the provisions of sections 50 and 51 of Act 137 of 1896. At said election 232 voters cast their ballots for defendant by marking or

stamping the blank space opposite defendant's printed name; and 178 voters cast their ballots for plaintiff by writing his name in the blank column provided for that purpose, and then marking or stamping the blank space opposite his name so written.

## I.

[1, 2] In Payne v. Gentry (our No. 24846; Nov. 4, 1921) 90 South. 104,[1] this court held that, as to towns of less than 2,500 inhabitants, Act 137 of 1896 had not been repealed by any subsequent legislation, and accordingly that municipal elections in such towns were still governed by the provisions of that statute. Hence the printing of a candidate's name on the official ballot without strict compliance with the provisions of sections 50 and 51 of that act (as was done here) was illegal. We adhere to those views; not only we think them sound in law, but to hold otherwise would be to leave such municipalities without election laws whatever, for it is not pretended that there is any other law on the subject, and the presumption is that the Legislature intended no such anarchy. The repeal of a law is a matter of legislative intent, and ought never to be inferred when the effect of such repeal by implication would be to leave no law whatever on a subject about which it is quite certain the Legislature meant (since necessity requires) that there should be a positive law of some sort.

## II.

[3] If the votes cast for defendant were not legally cast, then plaintiff received all the votes which were legally cast; for the legality of the votes cast for plaintiff is not, nor can be, questioned; but nevertheless a sufficient number of legal voters were deprived of their ballot, without fault of their own, to have changed the result of said election, for it is clear that the voters had a right to assume that all names appearing on the official ballot had been placed there legally, and they were not required to investigate before voting how such names came to appear thereon. And there is even authority for the proposition that votes so cast are legally cast, and should be counted, though our rule is different. See 15 Cyc. 345, 346, and notes 15, 16, 17.

## III.

Again in Payne v. Gentry, supra, involving almost the very same facts appearing here, we held that, although an election will not be set aside merely on account of any illegal or improper conduct of some officer or other person in connection therewith, yet, if a sufficient number of innocent voters were thereby deprived of their ballot (or of the effect thereof) to have changed the result, the election would on that account be annulled.

## IV.

[4] Also in Payne v. Gentry, supra, and in Hall v. Godchaux (our No. 24920; Sept. 20, 1921), 90 South. 145,[2] this court held, following the American and better rule, that where legal voters, sufficient in number to have changed the results, were deprived of their ballot (or of the effect thereof) without fault on their part, as where the official ballot had been illegally prepared or the candidate of their choice was disqualified, the election would not be awarded to the "next highest candidate," but would be annulled in toto.

## V.

[5] In following the American rule aforesaid, it is immaterial that neither the contestant nor his opponent has asked (even in the alternative) that the election be annulled; for that is the necessary consequence of applying the rule at all. To hold otherwise would be sanctioning the principle that the rule depended not upon law, but lay at

---

[1] 149 La. 707.

[2] 149 La. 733.

the option of the litigants, who might by their very silence force the adoption of the opposite or English rule, to wit, that the "next highest candidate" shall be awarded the office or nomination. Moreover, to annul the election is simply to award the contestant less than he claims.

### VI.

The Court of Appeal says:

"Counsel for the appellee (plaintiff) asks that the defendant be declared ineligible to hold the office of mayor for two years, under the provisions of the Corrupt Practices Act No. 213 of 1912. The matter cannot be considered (1) because the appellee has not answered the appeal and (2) because such a judgment would be but declaratory of the language of the statute, and would be premature. It will be time enough to consider that matter when properly presented in a proceeding having that end in view. Non constat that the defendant will offer himself as a candidate within the limit of time prescribed by the statute."

Of this we approve.

### VII.

The district court annulled the election of defendant, but awarded the office to plaintiff; and the Court of Appeal affirmed that judgment. This was error; the election should have been annulled in toto.

### Decree.

The judgments of the district court and of the Court of Appeal are therefore affirmed in so far as they annul the election of defendant, but reversed in so far as they declare plaintiff elected; and it is now ordered that there be judgment in favor of plaintiff and against defendant annulling in toto the election held on April 19, 1921, for mayor of the town of Cedar Grove; plaintiff to pay the costs of this court, and defendant to pay all other costs.

PROVOSTY, C. J., dissents, for the reason that the statute under which the election was held embodied the Australian Ballot System, under which form is of substance; so that an informal ballot is in effect no ballot, and stands as if never cast.