ST. PAUL, J.
Plaintiffs brought this suit to revoke the usufruct which their father enjoys in their undivided half of certain prop erty owned in common with him, on the ground of waste and failure to make necessary repairs.
The district court rejected their demand, but the Court of Appeal reversed the judg *667 roent and decreed plaintiffs entitled to reenter and take possession of the property upon their paying defendant $100 cash, and $100 per annum during his lifetime.
Plaintiffs now apply to this court to set aside so much of the judgment of the Court of Appeal as condemns them to pay. the aforesaid annuity to their father as a condition of their re-entering the property; their principal ground of complaint being that there was no prayer for same in defendant’s answer, and hence no pleading to warrant such allowance.
The contention is without merit. Article 621 of the Civil Code reads as follows:
“The usufruct may cease by the abuse which the usufructuary makes in his enjoyment, either in committing waste on the estate, or in suffering it to go to decay, for want of repairs, or in abusing in any other manner, the things subject to the usufruct.
“In such cases, the judge may, according to circumstances, decree the absolute extinction of the usufruct, or order that the owner shall re-enter into the enjoyment of the property subject to the usufruct, on condition that he shall pay annually to the usufructuary, or his representatives, until the usufruct expires, a sum which shall be fixed on by the judge in proportion to the value of the property subject to the usufruct.”
In the case before us the Court of Appeal, following the express terms of the Code, has merely refused to decree the absolute extinction of the usufruct, and ordered instead thereof'that plaintiffs shall re-enter into the enjoyment of the property only on condition that they pay an annuity of $100 per annum to their father; that is to say, the court has simply refused to allow plaintiffs all they claimed, and no pleading on the part of defendant was necessary to enable them to do so. See Bartmess v. Hendricks, 150 La. 627, 631, 91 South. 68; also Hall v. Godchaux, 149 La. 733, 748, 90 South. 145; Payne v. Gentry, 149 La. 707, 713, 90 South. 104; Hart v. Picou, 147 La. 1017, 86 South. 479.
II.
As to the quantum of the annuity allowed by the Court of Appeal, there is evidence tending to show that the whole property was worth between $3,000 and $3,600; and an annuity of $100 is not manifestly out of proportion to the usufruct on one-half thereof. But in any event the amount of the annuity which may be allowed in such cases presents only a question of fact.
And whilst this court may have the right, under Constitution of 1921, art. 7, § 11, to review the facts in cases brought before it by, certiorari from the Courts of Appeal, nevertheless “it was never contemplated, and is not intended by this court, that any case decided by a Court of Appeal on a question of fact should be brought here for review, even though the evidence be in the record.” Rice v. Payne, 151 La. 949, 92 South. 395.
For the power of this court to review the judgments of the Court of Appeal under, that section is certainly no more plenary than the power of control and supervision granted to it under section 10 of the same article (State v. Rockett, 136 La. 1091, 1096, 68 South. 189); and “the supervisory jurisdiction conferred by article- 94 of the- Constitution of 1898 (article 7, § 10, Const. of 1921) should not be so exercised as to give to the relator the benefit of an appeal to this court in a case in which the lawmakers have not thought proper to authorize such appeal.” Lopez v. Therlot, 117 La. 532, 42 South. 93.
Decree.
The judgment of the Court of Appeal is. therefore affirmed.