tiff did not make any demand upon defendants for contribution in the construction of the wall. Then the liability of the defendants cannot be measured under the quoted article. An examination of the succeeding articles of the Code clearly reveals that defendants' liability must be gauged by articles 683 and 684, which provide as follows:

"Art. 683. The neighbor who did not contribute to the raising of the wall held in common, may cause the raised part to become common, by paying one half the expense of such raising, and the value of the half of the soil employed for the additional thickness, if there is any.

"Art. 684. Every proprietor adjoining a wall has, in like manner, the right of making it a wall in common, in whole or in part, by reimbursing to the owner of the wall one half of its value, or the half of the part which he wishes to hold in common, and one-half of the value of the soil upon which the wall is built, if the person who has built the wall has laid the foundation entirely upon his own estate."

[2] It is obvious that under the facts of this case, where no demand has been made for contribution at the time of construction, the appropriate provision of the law is contained in article 684, and that the contribution contemplated must be based upon the value of the wall as it stands at the time it is made a wall in common, and not upon the cost of contruction.

These articles of the Code have already thus been construed by this court. In the case of Graihle v. Hown, 1 La. Ann. 140, it was decided that:

"The proprietor of a city lot, who, under the provisions of article 671 [now 675] of the Civil Code, has built a part of his lateral wall on an adjoining lot, can compel the owner of the latter, who afterwards uses the wall as a common one, to contribute one-half of its cost, only where the owner of the adjoining lot was previously notified of his intention to build, and an opportunity was given to him to contribute to the cost of the wall, and to see that no useless expense was incurred in its erection, and that it was well built. C. C. art. 672 [now 676]. Where no such notice or opportunity has been given, the owner of the adjoining property will be bound to pay only one-half of the

155 LA.—34

value of the wall at the time he first makes use of it. C. C. art. 680 [now 684]."

For these reasons the judgment appealed from is affirmed.

Rehearing denied by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

---

(99 South. 870)

No. 26572.

## BAUMGARDEN v. AIKEN et al.

### In re ABRY BROS.

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

Certiorari &copy;&rarr;68—Supreme Court will not review fact findings of Court of Appeals in absence of exceptional features of law.

Where the Court of Appeals found as a fact that the acts or omissions of a subcontractor caused an accident by which plaintiff was injured, the Supreme Court will not entertain a writ of review to examine such question of fact, no exceptional feature of law being presented, but merely the simple enforcement of Rev. Civ. Code, art. 2315, in a case wherein it was clearly applicable and correctly applied.

Certiorari to Court of Appeal, Parish of Orleans.

Action by N. Emile Baumgarden against Mrs. Ada Holcombe Aiken and others. Judgment for plaintiff against Abry Brothers on appeal to the Court of Appeal, and they apply for certiorari or writ of review. Writ denied.

George Montgomery, of New Orleans, for applicants.

Edward Rightor and E. V. Parham, both of New Orleans, for N. Emile Baumgarden.

Warren V. Miller, of New Orleans, for Alfred M. Barnes.

Denegre, Leovy & Chaffe, of New Orleans, for Mrs. Ada Holcombe, wife of Dr. Gayle Aiken.

John May and M. M. Boatner, both of New Orleans, for John S. Pearce.

Lazarus, Michel & Lazarus, and H. S. Weil, all of New Orleans, for Jacob E. Mose-man.

By the WHOLE COURT.

ST. PAUL, J.   As clearly appears from the opinion handed down by the Court of Appeal, it was admitted at the trial hereof in the court below, "by agreement dictated into the record, that *plaintiff is entitled to recover something from some one or more of the defendants*"; hence the only questions involved were, *How much* he should recover? and *From which of the defendants?*

It further appears from the *syllabus* to that opinion (prepared by the court itself according to custom) that the court found *as a fact* that "the acts or omissions (of the relator, a subcontractor) are shown to have been the cause of the accident "by which plaintiff was injured."

It likewise appears from the said opinion that the trial judge (and a jury) found also that the accident resulted from the acts or omissions of relator, and of no one else.

## I.

In H. Weston Lumber Co. v. Anderson & Allen, 52 La. Ann. 205,[1] this court held that it would not call up for re-examination any case regularly appealed to and passed upon by a Court of Appeal, which did not present "those exceptional features, whether of law or fact, which alone, under the rule announced in repeated decisions, justify the granting of the writ of review."

In Francez v. Francez, 152 La. 666, 94 South. 203, we held further that—

"The extraordinary powers of supervision, control, and review, granted to the Supreme Court over all inferior courts, will not be so exercised as to favor litigants with an appeal to this court in cases where the lawmaker has

[1] 27 South. 1030.

not thought proper to authorize such an appeal, and accordingly *this court will not in any such proceeding re-examine A QUESTION OF FACT* duly passed upon by a court of competent jurisdiction."   (Italics and capitals ours.)

## II.

And in face of the facts so found, this case presents no "*exceptional feature * * * of law*" whatever, but merely the simple enforcement of the plain provisions of the Revised Civil Code, art. 2315, in a case where those provisions are clearly applicable, and in which the Court of Appeal has manifestly applied them correctly.

The application should therefore be refused, and the writ denied.

PER CURIAM.   For the reasons assigned, the application is refused, and the writ denied.