186 So. 93

**GRAHAM MFG. CO. v. ROLLAND.**

No. 34994.

Jan. 10, 1939.

Maurice B. Gatlin, of New Orleans, for relator, Lucien W. Rolland.

Weiss & Weiss, of New Orleans, for respondent, Graham Mfg. Co.

O'NIELL, Chief Justice.

The question in this case is whether Act No. 8 of the Third Extraordinary Session of 1935, p. 651, is applicable to this suit. The act denies to any foreign corporation doing business in this state the right to present any judicial demand before any court of this state unless and until the corporation has complied with the statutes prescribing the requirements for a foreign corporation to be allowed to do business in the state, and unless and until the corporation has paid all license taxes and excise taxes required of a foreign corporation doing business in the state. The Court of Appeal held that the plaintiff, a foreign corporation, was not doing business in the state, in the sense in which the statute refers to doing business in the state, and

hence that the statute did not bar the prosecution of this suit. The case is before us on a writ of review issued at the instance of the defendant.

■■ The suit is for the price of merchandise sold by the plaintiff, on open account, to the defendant, who resides and is doing business in New Orleans. The plaintiff is a Connecticut corporation, having its domicile and its manufacturing establishment and place of business in Derby, Connecticut. The corporation has never had an office or a business establishment of any kind in Louisiana, and has never offered to qualify for the privilege of doing business in this state. The corporation employs traveling salesmen who come into this state and solicit and receive orders for merchandise. The orders are sent by mail by the traveling salesmen to the office of the corporation in Derby, Connecticut, where the orders are accepted or rejected. When the orders are accepted the goods are shipped to the customer who ordered the goods. That is the method by which the sale was made to the defendant in this case; and that is the only way in which it may be said that the plaintiff has ever done business in this state. It is well settled that a state statute imposing a license tax upon foreign corporations doing business in the state is not applicable to a foreign corporation which has no office or place of business in the state, and which sells goods in the state only on orders received through traveling salesmen,—the orders being accepted in the foreign state, and the goods being shipped from that state. Such a state statute cannot be construed so as to apply to such business as we have described because such business is interstate commerce, and is therefore exempt from state taxation by the commerce clause in the Constitution of the United States, article 1, § 8, cl. 3, U.S.C.A. Robbins v. Taxing District of Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694; Caldwell v. State of North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336; International Text-Book Company v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678, 27 L.R.A.,N.S., 493, 18 Ann.Cas. 1103; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Real Silk Hosiery Mills v. City of Portland, 268 U.S. 325, 45 S.Ct. 525, 69 L.Ed. 982; McClellan v. Pettigrew, 44 La.Ann. 356, 10 So. 853; Pegues v. Ray, 50 La.Ann. 574, 23 So. 904; State v. Schofield, 136 La. 702, 67 So. 557; State v. Paramount-Publix Corporation, 178 La. 818, 152 So. 534.

■ The requirements for a foreign corporation to be allowed to exercise the rights and privileges that are accorded to domestic corporations are prescribed in Section 23 of Act 267 of 1914, p. 531; and the penalty for any foreign corporation that shall establish an office or appoint a resident agent in the state, without having complied with the provisions of the statute, is imposed by Section 24 of the statute; which section ends with the proviso, "that nothing in this section or in this act contained shall apply to any foreign corporation engaged only in interstate or foreign commerce." This proviso would go without saying.

The judgment of the Court of Appeal is affirmed.