The National Pumps Corporation, an Ohio corporation, brought this suit against Carl W. Handlin and H.J. and Theodore G. Bruning, alleging that in July, 1938, Handlin had been appointed as its representative for the purpose of selling *Page 321 
gasoline pumps and air compressors manufactured by it, and that it consigned to Handlin two pumps and an air compressor valued at $398.93; that in the early part of the year 1939, Handlin ceased to represent the plaintiff and failed to return the equipment consigned to him; that in the meanwhile the machinery had been placed by Handlin in a building which he leased from one of the Brunings, which lease terminated on April 1, 1939; that Bruning had either disposed of its property or kept it and refused to deliver it, upon demand, to plaintiff. Judgment is asked in solido against the Brunings and Handlin for the value of the equipment or $398.93.
Both H.J. and Theodore G. Bruning answered, contending that the plaintiff corporation was without authority to stand in judgment in the courts of this State, for the reason that it had failed to comply with its laws relative to foreign corporations doing business here, in that it had not filed with the Secretary of State a copy of its charter or designated an agent upon whom citation of legal process might be served, and also because it failed to pay taxes, excises and licenses due the State of Louisiana, all as required by Act 8 of the Third Extraordinary Session of 1935 and Act 267 of 1914, Sections 23 and 24. It was also contended on behalf of Theodore G. Bruning, who had leased the building to Handlin, that he had a lessor's lien and privilege upon the plaintiff's machinery, which was on the leased premises, and further that the lease with Handlin was, in reality, a lease with the plaintiff and that, consequently, he was entitled to a judgment for fourteen months' rent or $420 because, though the lease had expired on October 1, 1939, possession of the premises was not surrendered by Handlin until December, 1939, with the result that the lease was reconducted from month to month. He also claimed attorneys' fees as stipulated in the lease. Judgment in reconvention was prayed for in accordance with the averments of the answer.
There was judgment below in favor of the plaintiff and against Handlin as prayed for and in favor of Theodore G. Bruning recognizing his lessor's lien and privilege upon the plaintiff's property "for whatever rent there may be hereinafter decreed to be due under his lease with Carl W. Handlin, and in all other respects the suit as against Theodore G. Bruning be and the same is hereby dismissed." The suit as against H.J. Bruning was dismissed as well as the reconventional demand of Theodore G. Bruning. From this judgment the plaintiff has appealed and the defendant, Theodore G. Bruning, has answered the appeal seeking to have his claim in reconvention recognized and asking that the amount of his lien and privilege be fixed in this proceeding.
We need not concern ourselves with the defense offered by Handlin, since he has failed to appeal from the judgment.
H.J. Bruning clearly has no interest in the controversy, since he was not the owner of the property leased to Handlin.
It appears that Handlin leased the lower floor of the premises No. 626 Julia Street in the City of New Orleans from Theodore G. Bruning for one year and one month beginning September 1, 1938, for a monthly rental of $30 payable in advance, and that Handlin paid the first month's rent and nothing more. The plaintiff consigned its pumps and air compressor to its agent, Handlin, who placed them in the leased premises. Handlin's agency was terminated in February, 1939, and he was instructed to ship the equipment to plaintiff's store in Houston, Texas. The pumps were not shipped, whereupon after much correspondence, a representative of the plaintiff came to New Orleans to investigate and endeavored to get possession of the machinery without success. This suit resulted.
The first contention made by Bruning is that plaintiff is without right or authority to appear in the Courts of the State of Louisiana to prosecute this suit for the reason that it has not qualified to do business in this State.
Section 1 of Act 8 of the Third Extraordinary Session of 1935 reads as follows:
"No foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein, and unless and until it has paid all taxes, excises and licenses due to the State, provided that nothing in this act shall be construed to prevent the bringing of a cause of action against any such foreign corporation."
In order for the plaintiff to come within the ban of the statute, it is, of *Page 322 
course, necessary that it be "doing business in this State". R.J. Brown Company v. Grosjean, 189 La. 778, 180 So. 634, 635. Handlin acted as the plaintiff's agent for the purpose of selling its pumps. He also represented other parties as a sort of manufacturer's agent. He was nothing more than a solicitor for orders which, when accepted at the home office of the plaintiff corporation in Cincinnati, Ohio, were filled by shipment from that State. Such a transaction does not constitute doing business in the State of Louisiana. Graham Manufacturing Company v. Rolland, 191 La. 757, 186 So. 93; Norm Advertising Company, Inc., v. Parker, La.App., 172 So. 586 (First Circuit); and State v. Best Company, 194 La. 918, 195 So. 356.
Learned counsel for plaintiff concede that defendant Bruning is entitled to a lessor's lien and privilege upon its machinery which is on the leased premises, Revised Civil Code, Articles 2705, 2706, 2707 and 2708; Conservative Homestead Association v. Parker, 184 La. 960, 168 So. 115, but they contend that the lease was terminated by a verbal agreement between the lessor and lessee where by in consideration of a promise to pay $60, the lessor agreed to cancel the lease. This agreement is claimed to have been made sometime in March, 1939. Handlin made a statement to that effect which was denied by Bruning. It is unlikely that Bruning would have cancelled the lease without a cash consideration thus relinquishing the security which the presence of the plaintiff's pumps on the leased premises afforded for a mere promise to pay $60 from his tenant who, at that time, was about six months behind in his rent. On the other hand, we are convinced that Bruning is not entitled to anything more than twelve months' rent at $30 per month as stipulated in the lease because we are satisfied that the premises were delivered to him and vacated by Handlin on or before the date of the expiration of the lease.
We are also of the opinion that there is no showing which would justify us in holding the plaintiff corporation to be the actual lessee of the premises. Handlin, who was an agent for several manufacturers, was lessee, plaintiff merely being one of the firms which he represented. It, therefore, follows that the reconventional demand was properly dismissed.
We see no reason, however, for the refusal of the district judge to fix the amount of the lessor's claim. There is no point in having another suit filed to determine this question, since it may be readily decided from the evidence in this case, which we find warrants a judgment for $360.
Counsel for plaintiff insists that we should recognize the National Pumps Corporation as the owner of the machinery and contends that the fact that only a moneyed judgment is asked for in the prayer of his petition is not an obstacle to that end in view of the prayer for general relief which, in other cases, has been interpreted as sufficient to award a judgment "suited to the nature and justice of the case" and authorize "such judgment as would be given in a new suit, to avoid circuity of action". I Hennen's Dig. (p. 734, 4) No. 5; Kinder v. Scharff et al.,125 La. 594, 600, 51 So. 654, 656; Francez et al. v. Francez,152 La. 666, 94 So. 203.
However, the situation here is complicated by the fact that the plaintiff has a judgment for the full amount of the value of its machinery against Handlin who has not appealed, and if we were to recognize its equity in the machinery after the satisfaction of Bruning's lessor's lien, it would be necessary for us to modify the judgment against Handlin so as to relieve him pro tanto of the amount realized from its equity. This we cannot do, because we are precluded from modifying the judgment in his favor due to his acquiescence. Bruning's lien is, however, within a few dollars of the value of the plaintiff's property, therefore, the question is practically a moot one.
In conclusion we believe the judgment appealed from is correct with the exception that the amount of the lessor's lien and privilege of Bruning should be fixed at $360.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to recognize the amount of Theodore G. Bruning's lien as $360, and as thus amended it is affirmed.
Amended and affirmed. *Page 323