Plaintiff, a Missouri corporation, alleging that it was the holder and owner of a promissory note, sued the defendant and recovered judgment for the principal sum of $110, with interest thereon at the rate of 6% per annum from date of July 3, 1939, until paid, from which judgment defendant appeals.
Sometime in or about the month of March, 1939, plaintiff shipped a carload of hay to the defendant at Winnfield, Louisiana, payment to be made on sight draft, with bill of lading attached. However, defendant, upon examination, found the hay to be off-grade, and, after some long distance telephone negotiations with plaintiff corporation, defendant was permitted to accept delivery of the hay, subject to whatever adjustment might be made on the price at some future date. In the early part of July, 1939, a settlement was agreed upon, and it was at this time that defendant gave plaintiff corporation, represented in the negotiations by its president, D.B. Tilson, the instrument which is the basis of this suit, and which reads as follows:
"Amount $110.00 Winnfield, La. 7-3-'39
I hereby agree, as a compromise settlement, to pay $110.00 for car of Alfalfa 122139-U.P., unloaded by me last March of 1939 — payment to be made not later than July 28, '39, at 6% interest to Dyer Co.
Signed — J.L. Ferguson
Witness — D.B. Tilson"
[1] Defendant filed an exception of no right or cause of action, which is again urged on appeal. The exception is directed at the point that plaintiff is a foreign corporation, doing business in the State of Louisiana, and, under the provisions of Section 1 of Act No of the 3d E. S. of 1935, is prohibited from presenting any judicial demand until it has complied with the laws of this State, and (under the provisions of Section 2 of the said Act) has established such compliance.
The facts established by the record clearly show that the transaction was one in interstate commerce, and there is nothing whatever to indicate that the plaintiff corporation was in any sense doing business in the State of Louisiana within the intent and purpose of the Act referred to. The facts appear to us to place the case clearly under the rule stated in the case of Graham Mfg. Co. v. Rolland, 191 La. 757, 186 So. 93. For this reason, we think the trial Court correctly overruled the exception.
On the merits, defendant admits his signature to the instrument set forth, acknowledges his indebtedness in the principal sum of $110, but contends that the instrument is unenforceable because of the fact that material alterations were made therein after the affixing of his signature thereto.
Defendant specifies the material alterations complained of as being the addition or retracing of the word and figures "Amount $110.00" in the upper left-hand corner of the instrument; the retracing or addition of "Winn" in the name of Winnfield; the addition of the date "7-3-'39"; and the addition of the words "payment to be made not later than July 28-'39 at 6% interest to Dyer Co." Defendant claims that the changes, insertions and additions set forth are material alterations of the instrument, and that they were all made without his consent, knowledge or authority. *Page 94 
[2] The testimony of D.B. Tilson, president of the plaintiff company, was taken by deposition, under a commission duly and properly issued to one "William G. Zimmerman, Notary Public, 1200 Oak Street, Kansas City, Missouri". The commission was returned, but no rule was issued in connection therewith, and upon offering of the deposition in evidence by counsel for plaintiff the same was objected to on behalf of the defendant on the ground that the deposition was not taken by the officer to whom the commission was directed, and therefore was inadmissible.
The return on the back of the commission reads as follows:
"Depositions attached to this commission taken by Harry T. Lindberg, a Notary Public 1200 Oak Street, Kansas City, Missouri, Mr. William G. Zimmerman, being unable to take said testimony.
This 16th day of December, A.D. 1944.
(Signed) Harry T. Lindberg Harry T. Lindberg, Notary Public"
The taking of testimony of out-of-state witnesses under commission is regulated by Article 437 et seq. of the Code of Practice. Since the authority to take the deposition was granted under a commission issued to a named individual, and, since the commission itself did not contain any alternative saving clause which might have provided for its execution by any other duly authorized official, we are constrained to hold, under the particular facts and circumstances, that the objection was good.
[3, 4] However, even ruling out the testimony of the president of the plaintiff corporation, we are of the opinion that the judgment appealed from is correct. The instrument sued on represents an agreement of settlement between the parties; the defendant admits his signature, and admits the indebtedness in the principal sum of $110, yet seeks to avoid payment of the obligation on the ground of so-called "material alterations".
We find nothing material in the alleged alterations, and, as a matter of fact, we do not find that the instrument has been altered. Testimony on this point of two witnesses, a banker and the clerk of court, is not helpful, inasmuch as neither of these gentlemen made any pretense to being a handwriting expert.
It is true that plaintiff testified that the changes and alterations complained of were made after his signature, but a close study of the instrument and the related facts convinces us that plaintiff must have been in error. At any rate, a careful examination of the instrument itself, in the light of all the facts involved, in our opinion is sufficient to attest its validity.
It would be unreasonable to assume that plaintiff, under the circumstances, would make, or permit the making of any alterations of a character which would invalidate an enforceable and binding agreement for the settlement of a just indebtedness.
For the reasons set forth, the judgment appealed from is affirmed at appellant's cost.