185 So.2d 80 (1966)
STATE ex rel. Arthur W. JONES, Plaintiff-Relator,
v.
SHERIFF OF CALCASIEU PARISH, Defendant-Respondent.
No. 1758.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1966.
Arthur W. Jones, Lake Charles, in pro. per.
En Banc.
PER CURIAM.
By petition filed in this court, the relator Jones applies to our original jurisdiction to issue writs of habeas corpus.
Under Article 7, Section 2, of the Louisiana Constitution of 1921, the Louisiana trial and appellate courts "may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions * * *." (Italics ours) The original jurisdiction of the Louisiana courts of appeal to issue writs of habeas corpus is limited to matters arising "in cases" of which they have appellate jurisdiction. Cf., State ex rel. Futch v. Rockett, 136 La. 1091, 68 So. 189; State ex rel. Ballett v. Gremillion, La.App. 3 Cir., 168 So.2d 270, certiorari denied; In re Ingram, La.App. 1 Cir., 82 So.2d 788.
The application for the writ of habeas corpus alleges that the relator Jones is confined in the parish jail by reason of criminal charges and criminal proceedings.
The Supreme Court of Louisiana alone has appellate jurisdiction in criminal *81 matters, not any of the intermediate courts of appeal, Article 7, Sections 10, 29, Louisiana Constitution of 1921. A Louisiana court of appeal has neither appellate nor supervisory jurisdiction over matters arising out of commitment because of criminal proceedings, State ex rel. Ballett v. Gremillion, La.App. 3 Cir., 168 So.2d 270. Consequently, neither does such court's original jurisdiction to issue writs of habeas corpus include within its scope the question of confinements arising by reason of criminal proceedings.
For the foregoing reasons, we deny the relator's application for a writ of habeas corpus.
Writ denied.