SUMMERS, Justice
(dissenting).
I dissent from the denial of plaintiff’s application for certiorari for the reason that this Court cannot properly judge the merit or demerit of the application in the present posture of this case.
This case, according to the assertions of plaintiffs’ application, involves an automobile-pedestrian accident which occurred on December 31, 1974 in a residential area of the city of Alexandria, Louisiana. On that date, defendant, Ray Guillot, was driving a truck in the course and scope of his employment with Clark-Dunbar, Inc., a department store in Alexandria. As he drove down University Street in Alexandria, near its intersection with Seventh Street, his vehicle struck and injured young Edrick Pen-neywell, who had been playing nearby and was in the street at the time of impact.
As a result of the impact, young Penney-well sustained a fractured femur, contusions about the body, and a laceration of the tongue. Further, while hospitalized, he developed a condition known as Stevens-Johnson Syndrome.
It was stipulated that Guillot was driving the Clark-Dunbar truck in the course and scope of his employment; that United States Fidelity and Guaranty Company was the insurer of that vehicle with adequate limits, and that there were no policy defenses in the case.
Relator asserts the primary issues in this case involve the negligence of Guillot in driving outside of his lane and/or in exceeding the speed limit.
It is further asserted that plaintiff’s primary testimonial offerings as to the occurrence of the accident itself consisted of two unbiased eyewitnesses and one witness who appeared at the scene immediately after the accident. On the other hand, it is represented that the only defense witness in this respect was the defendant Guillot who testified in his own behalf.
Understandably, the defendants urged in the Court of Appeal that the case was one of conflicting testimony and defendant testified that young Penneywell darted from behind a parked vehicle into his path.
According to this application, there is no record of the reasons for judgment of the trial court other than this minute entry:
“For the oral reasons this day handed down the Court ruled that plaintiff has failed to prove any act of negligence committed by the defendant driver. Judgment rendered in favor of the defendants and against plaintiff rejecting latter’s demand at his cost.”
Although this entry makes reference to oral reasons, the representations of this application are to the effect that no other reasons were actually given by the court except those contained in the minute entry itself.
On appeal from this trial court judgment, the Court of Appeal rendered this opinion and decree:
“The record reflects that this appeal of a vehicular-pedestrian accident case involves only questions of fact which the trial judge resolved against plaintiff, finding that plaintiff had failed to prove any act of negligence committed by the defendant driver. There is a reasonable evidentiary basis for this holding, and accordingly, it is affirmed. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
“Costs on appeal are taxed against plaintiff.
“Affirmed.”
Relator asserts the foregoing opinion rendered on May 24, 1978 was not designated for publication.
Without a transcript of the evidence relating to these contentions, it being unnecessary to furnish a transcript in an applica *907 tion for certiorari, or review, this Court is unable to determine the correctness of the judgment of the Court of Appeal or trial court. A finding of fact is essential to a decision of the legal issues involved. Rule 10, Rules of the Supreme Court.
In reviewing a judgment of the Court of Appeal in Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969), where no finding of fact was contained in the opinion of the Court of Appeal, this Court stated:
“Although it is true that we grant writs only on questions of law, it should be remembered that the law cannot be disassociated from facts, and its proper application in any given instance can only be ascertained by reference to the factual context in which it is sought to be applied. Court of Appeal opinions, therefore, must set forth the salient facts and the law as applied to those facts in order that this court may determine whether an error of law has been committed. La. Const. art. 7, § 11 (1921).”
While dissents were filed to other propositions in the case, all members of the Court subscribed to the quoted statement.- The dissents to the legal propositions applied to the factual findings developed by this Court in Dick v. Phillips points out the crucial part those facts played in the decision.
A concurring opinion in Dick v. Phillips set forth that the Court of Appeal opinion “must set forth the salient facts and the law as applied to those facts.” In the opinion of the concurring justice, the case should have been remanded to the court of appeal “with instructions to write an opinion discussing the facts and the law applicable thereto.” He was further of the opinion that under our judicial system, “the litigants as well as this Court, are entitled to this.”
It has long been the law of the statutes and cases in this State that any party in interest who may feel aggrieved by the judgment of the intermediate appellate court may apply to the Supreme Court for a writ of certiorari, or review, to determine or review questions of law or jurisprudence. La.Rev.Stat. 13:4450 (repealed by Act 181 of 1977). Although Section 4450 of Title 13 of the Revised Statutes to this effect was repealed by Act 181 of 1977, the repeal was designed to reconcile the thirty-day period allowed by statute for applying for certiora-ri with the time allowed for applying for writs set forth in the contemporaneous enactment of Act 179 of 1977 (La.Code Civil Pro. art. 2166). The principle expressed in Section 4450 that certiorari, or review, is granted to determine or review questions of law or jurisprudence remains viable in our jurisprudence: E. g., Day v. Campbell-Gros-jean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971); Savoie v. Dupuy, 218 La. 717, 50 So.2d 817 (1951) and Francez v. Francez, 152 La. 666, 94 So. 203 (1922).
Without a finding of fact the opinion of the Court of Appeal makes it impossible for this Court to determine whether the case has been decided under the appropriate rule of law.
Regretfully in State v. Hills, 337 So.2d 512 (La.1976), this Court set the example for these abbreviated opinions which are merely conclusionary statements, not opinions in the sense that the finding of fact and a discussion of the law applicable to those facts are set forth. In my dissent in State v. Hills to this Court’s practice of affirming serious criminal cases by a one-word judgment, I expressed the view that a written opinion was essential to a proper decision and required by the Constitution. La.Const. art. V, § 5(A) (1974). I feel these reasons are equally applicable to opinions of the Courts of Appeal. However, in the case of a Court of Appeal opinion, the problem is compounded when a party aggrieved by its judgment seeks relief here by certiorari. We cannot review an opinion which does not set forth the facts and law upon which it is based.
Louisiana’s earliest Constitution required judges to refer in every definitive judgment to the particular law in virtue whereof such judgment was rendered, and further prescribed that they should in all cases “adduce the reasons on which the judgment is founded.” La.Const. art. IV, Sec. 12 (1812). *908 By the Act of February 17, 1821 the Legislature required “each and every of the” judges of the Supreme Court to deliver separate and distinct opinions in each case “seratim, commencing with the junior judge of such court.” The Constitution of 1845 declared that in all cases where the four-justice court was equally divided in opinion, “each of the judges shall give his separate opinion in writing.”
The Constitution of 1852 restated the mandate of the first Constitution on this subject as follows:
“The judges of all courts within the State shall, as often as it may be possible so to do, in every definitive judgment, refer to the particular law in virtue of which such judgment may be rendered, and in all cases adduce the reasons on which their judgment is founded.” La. Const, art. 72 (1852).
The above-quoted mandate was incorporated into Article 76 of the Constitution of 1864 with the modification that an opinion be rendered “as often as it may be advisable to do so.” Article 80 of the Constitution of 1868, Article 87 of the Constitution of 1879 and Article 91 of the Constitution of 1898 made the same requirement “whenever practicable.” The Constitution of 1913 was more positive on the subject; it ordained that “The judges of all courts shall refer to the law by virtue of which every definitive judgment is rendered, and in every case they shall adduce the reasons on which their judgment is founded.” La. Const, art. 91 (1913).
A like positive mandate is contained in the Constitution of 1921, viz.: “The judges of all courts shall refer to the law and adduce the reason on which every definitive judgment is founded.”
While I recognize that the Constitution of 1974 is silent on the subject, I cannot subscribe to the practice adopted by this Court or the Court of Appeal in this case. I do not believe that the framers of the Constitution of 1974 intended that a practice so long mandated by our Constitutions and universally obeyed by this Court and the Courts of Appeal would be abolished in whole or in part. In my view it is implicit in the Constitution of 1974 and in Louisiana’s judicial history that opinions are not only required but necessary to a proper exercise of judicial power.
Failure to abide by the long-established and constitutionally mandated practice portends an amendment to today’s Constitution which will spell it out.