## No. 661.—JAMES S. ROBICHAUD v. SAMUEL T. THORNE.

The law makes no distinction in regard to prescription, between negotiable and non-negotiable promissory notes and bills of exchange.

A written order drawn by one person addressed to another directing him to pay to a third party a certain amount of money at a specified time is a bill of exchange and is prescribed by the lapse of five years from date of maturity.

APPEAL from the District Court, parish of St. Martin. Gates, J. Gray & Fournet, for plaintiff and appellant, Edward Simon, for defendant and appellee.

HOWELL, J.   This suit was instituted on the following written instrument:

"April 30, 1860.

"MR. S. T. THORNE:

"You will please pay to Mr. James Robichaud, three months from date, the sum of six hundred and eighty-three dollars, as part payment of a note I hold against you bearing eight per cent. until final payment.

(Signed)                     sa
                "ANTOINE ⋈ DEROUSSELLE,"
                          marque.

Witness:

(Signed) "JOHN STARK."

(Endorsed)   Accept:                    "SAM. T. THORNE."

The defense is the prescription of five years, which was sustained in the court below, and plaintiff has appealed.

He contends that the instrument sued on is not included in the provisions of article 3505, or the statute of 1852 amending it, because not negotiable or transferable by indorsement or delivery.   Article 3505 reads: "Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, are prescribed by five years, reckoning from the day when the engagements were payable."

"A bill of exchange is a written order or request by one person to another, for the payment of money, absolutely, and at all events." Bayley on Bills, ch. 1, § 1, p, 1: Kent's Comm. sec. 44, p. 74.

The quality of negotiability is not by our law essential to the instrument, "although, practically speaking, among merchants, it constitutes its true character." Story on Bills, p. 4, § 3. "Its form and language are greatly varied, and it will be sufficient, if it be in writing, and contain an order or direction by one person to another person, absolutely, to pay money to a third person, and cannot be complied with or performed without the payment of money." Ibid. p. 46, § 33.

Applying this definition, the instrument sued on in this case is a bill of exchange; and according to our interpretation of the above article of the code, it does not require that bills of exchange, to come within its dispositions, shall be negotiable. The phraseology and punctuation of the article do not make the description of the notes, as payable to order or bearer, relate to the words "bills of exchange," and we are not inclined to restrict that class of instruments in the said article to such only as are negotiable, when the law does not do so. This construction is confirmed by the action of the Legislature in the statute of fifth March, 1852; for had the article referred only to such bills of exchange as are negotiable, they would doubtless have been also em-

braced in said statute, as there is no good reason why a non-negotiable note should be prescribed in a shorter time than a non-negotiable bill of exchange. We conclude therefore that the written instrument on which plaintiff has brought this action is subject to the prescription of five years.

It is therefore ordered, that the judgment appealed from be affirmed with costs.