No. 2254.—JOHN P. WALWORTH *v.* JOHN C. STEVENSON.

24   251.
46   883
46   1323

A judgment that has been rendered without legal citation is absolutely void, and any person having the least interest therein, may show such nullity wherever and whenever it is sought to be enforced.

24   251
105  485

In attachment proceedings the forms of citation prescribed by the law maker must be strictly observed under penalty of nullity.

24   251
116  889

A purchaser under a judicial sale is in bad faith, and is liable for rents and damages, if the judgment under which he purchases is absolutely void for want of citation.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Roselius & Phillips* for plaintiff and appellant. *Miller & Huntington* and *Fellows & Mills,* for defendant and appellee.

LUDELING, C. J. William Wren, a tenant of John P. Walworth, having caused certain improvements to be made on the premises for his own account, by John Page, gave said Page his note for the balance due by him, $418 65.

On the eleventh of December, 1862, Page proceeded against Wren and Walworth, by attachment, and caused the property of Walworth which had been leased to Wren to be seized under the writ of attachment. On the eleventh of February, 1863, judgment was rendered against both defendants, *in solido*, with privilege upon the property attached. In execution of this judgment the sheriff sold the property to one George Hawes, who sold it to Wilson, he sold it to Seiler, and Seiler sold it to the defendant.

On the fourteenth of April, 1866, Walworth and Wren instituted suit against John Page to have the judgment rendered against them in 1863, and by virtue whereof the property in question had been sold by the sheriff, declared a nullity, on the ground that they had not been cited.

A decree was rendered in that case, declaring the judgment in the case of John Page *v.* John P. Walworth et al. null and void, for want of citation.

Thereupon the plaintiff instituted the present suit against John C. Stevenson, who possesses as owner, to recover the property which had been seized and sold under the judgment, in the case of John Page v. Walworth et al. He alleges the absolute nullity of the judgment for want of citation; he invokes the benefit of the decree declaring the judgment null, and he asserts title to the property by virtue of a purchase made on the first of April, 1853, by notarial act duly recorded.

It is not necessary to decide what is the effect of the decree in the suit by Walworth and Wren against Page, declaring the nullity of the judgment in the case of John Page v. John P. Walworth et al., as to persons not parties to that suit, for the pleadings and the evidence in this suit will enable us to examine the validity of that judgment.

The proceeding was by attachment against John P. Walworth and William Wren, both absent from the State, and they do not appear to have been cited. Citations addressed to Mrs. John P. Walworth et al., were posted at the doors of the court house and the church, and one was served upon a curator *ad hoc,* but no citation was addressed to John P. Walworth or William Wren.

The district judge who had the original citations before him says: " It appears that the judgment under which the above *fieri facias* was issued was a radical nullity; no citation such as the law requires having been served upon the defendant, and it is conceded that the proceedings which resulted in the judgment against John P. Walworth and Wren, in No. 19,232, are absolutely null and void, as there is no legal citation in the case." The same fact was found by the judge who tried the suit of Walworth and Wren *v.* Page, for the nullity of the judgment against them.

Articles 179 and 254 of the Code of Practice prescribe how the defendants in the attachment suit should have been cited. It is well settled that the forms of law required in cases of attachment against absentees or non residents, are to be strictly pursued; and that when the law designates, in lieu of personal citation, certain notices or publications in derogation of the common right to be heard before condemnation, courts of justice will require a strict compliance with the peculiar forms indicated by the law maker. 1 N. S. 9; 8 N. S. 145; 6 La. 577; 13 An. 150; 2 An. 403.

The defendant contends that purchasers at sheriff's sales can not be required to go behind a judgment; and that if a judgment and a writ of *fieri facias* be shown, and the proceedings under the writ be regular, the purchaser will be protected.

The error he commits is in supposing there can be a judgment when the defendant has neither been cited nor appeared to defend the suit.

In Bernard *v.* Vignaud, Judge Porter said : " In every judgment the agency and presence of these parties are required; *judex, actor et reus.*

To condemn without first hearing a defendant or giving him an oppor-
tunity to be heard, is contrary to all principles of equity and law.
Therefore, a judgment rendered against a person without citing him
in the ordinary manner, without his appearing, or anything deemed
by law equivalent to citation or appearance, is utterly void, and
imparts such absolute nullity that any one the least interested in
opposing its effects may have such nullity pronounced." 1 N. S. 9.

The broad and well recognized distinction, that judgments abso-
lutely null have no existence in law, while those only relatively null
have an existence until they are set aside, seems to have been ignored
by the learned judge a quo.  C. C. art. 12; 1 N. S. 1; 6 La. 377; 11
R. 121; Baldwin v. Carlton, 6 An. 265; Uzee v. Biron, 2 An. 492; Gal-
braith v. Snyder, et al.

The defendant's title is without foundation, as it rests upon a judg-
ment which has no legal existence, and which, therefore, can not be
the source of any legal right or obligation.  6 R. 205; Lowery, cura-
tor v. Erwin, 2 An. 569; Braughton v. King, 2 An. 503; Gibson v. Fos-
ter, 5 An. 633; Adel v. Auty, 13 An. 431.

Not being a possessor in good faith, the defendants owe rents.  6 R.
Lowery v. Erwin, 192; Bry v. Fouché, 11 An. 665.

The evidence shows that the use of the property from the twenty-
eighth of November, 1864, to the eleventh of February, 1869, was
worth at least fifty dollars per month, for which there should be judg-
ment in favor of the plaintiff.  C. C. 2427.  It is also proved that the
defendant has paid fourteen hundred and forty-two dollars for work
and repairs necessary for the preservation of the property, and for
taxes.  This he is entitled to be reimbursed by the plaintiff.  It is
further proved that he paid to William W. Wilson and John Seiler
$4000 for the property, and $40 broker's bill, and $16 50 notary's bill,
expenses of the sale, and that he has incurred a liability of five hun-
dred dollars for attorney's fee for defending this suit.  These sums
the defendant is entitled to recover from his vendors and warrantors.
C. C. 2482, 1960.  William W. Wilson and John Seiler called their
vendor in warranty, but there was no issue joined between them.

It is therefore ordered and adjudged that the judgment of the lower
court be annulled, and that there be judgment in favor of plaintiff
against the defendant, recognizing the plaintiff as the owner of the
property described in the petition, and ordering that the defendant be
put in possession thereof.  It is further ordered that the plaintiff have
and recover judgment against the defendant for twenty-five hundred
and twenty-one dollars and fifty-eight cents, as rents, with five per
centum per annum interest thereon from this date, and costs of suit;
subject to a credit of fourteen hundred and forty-two dollars and
fifteen cents.

It is further ordered and adjudged that the defendant recover against his warrantors, William W. Wilson, and John Seiler, the sum of four thousand five hundred and fifty-six dollars and fifty-one cents, with five per centum per annum interest thereon from this date, and the costs of this suit.

It is further ordered and adjudged that the rights of William W Wilson and John Seiler against their vendor and warrantor be reserved. to them.

Rehearing refused.

HOWELL, J., *dissenting*.  In my opinion the citation, brought in question in this controversy, is in legal form as to the plaintiff. It possesses all the requirements of the law, and I do not think the action of the clerk in prefixing the letters or characters " Mrs." can render that citation void. These characters at most are conventional, and can not properly be considered as controlling the names of parties.  A citation good in form in an ordinary action is good in an attachment suit.

The purchaser is required to look only to the existence of a judgment by a competent court, the writ of execution and the sale.

I therefore think the sale should not be set aside.

Mr. Justice Wyly concurs in this opinion.