## No. 806.

### Clara Miguez et al. *v.* Delahoussaye et al.

A judgment ordering the sale of succession property to pay an unliquidated claim against the heirs, is a mere nullity.

A judgment ordering the partition of succession property is invalid when one of the heirs has not been a party to the suit.

APPEAL from the Parish Court, parish of St. Martin. *Fournet J. J. A. Breaux*, for plaintiffs and appellees. *De Blanc & Fournet*, for defendants and appellants.

Wyly, J. On twenty-sixth September, 1871, Francisco Segura obtained judgment against the heirs of his wife ordering a partition of the community property, and ordering a sufficient amount thereof to be sold to pay a claim of $5000 set up by him.

On eleventh December, 1871, an order was issued to sell certain property to satisfy said claim of $5000.

The plaintiff opposed the sale, and injoined the auctioneer from

making it, on the grounds that the court was without jurisdiction *ratione materiæ*, and that this claim of $5000 was unliquidated, was not established by a judgment, and, therefore, the court could not legally order the sale of succession property to pay it. The petition also alleges that Ulger David, one of the heirs, was not a party to said judgments.

The prayer of the petitioners is that said judgments be annulled, and the injunction be perpetuated. And from the judgment in favor of the plaintiffs the defendant Francisco Segura has appealed.

We think the court did not err. The judgment ordering the sale of the property to pay the unliquidated claim of Francisco Segura was a mere nullity.

The judgment ordering the partition was invalid, because one of the heirs, the petitioner, Ulger David, was not a party to the proceeding.

Whether the plaintiffs, who are heirs, have given a sufficient bond and made the necessary affidavit to authorize the injunction which they obtained, is immaterial.

The conservatory order of injunction may have issued improperly, but this can not defeat the action of nullity and third opposition now before the court on its merits.

It is therefore ordered that the judgment herein be affirmed, with costs.