No. 13,737.

BRIDGET DECUIR ET AL. VS. GODFOY DECUIR ET ALS.

## SYLLABUS.

1. If a judgment be absolutely void for defects patent on the face of the proceedings, the party opposing its effects as to him is not driven to a direct action in the court which rendered it to secure the declaration of its nullity
2. Thus, in a suit for partition of property, where defendants interpose a former judgment and sale under it as a shield of defense, plaintiffs may, in the court seized of jurisdiction of the cause, urge as against such judgment the existence of absolute nullities rendering the same void.

APPEAL from the Nineteenth Judicial District, Parish of Iberia— *Thorpe, Judge ad hoc.*

*Edward Simon,* for Plaintiffs, Appellants.

*Walter J. Burke & Bro.* and *Louis Octave Hacker,* for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J.   Three plaintiffs.  Bridget Decuir, wife of Prade, Odile Decuir, wife of Guillory, and Eugenie Decuir, wife of ........, instituted suit against a number of defendants, alleging them to be their co-owners, for partition of a tract of land in Iberia parish, containing 160 arpents.

The allegation is made that the property cannot be divided in kind and its partition by licitation is sought.

Defendants answer, in substance, that the land in question was sold at sheriff's sale in September 1873 under a decree of court; that prior to this sale it was divided into four lots of 40 arpents each; that at said sale Alexander Singleton, Joseph Decuir, William Ferdinand and Godfoy Decuir each purchased one of the 40 arpent lots; that the purchasers went into possession respectively of the lots so purchased and erected improvements on same; that they have held as owners in good faith under titles translative of property for more than twenty-three years; and that their title is protected by prescription which they plead.

The tract of land in question was originally owned by Balthazar Decuir.  He died in 1861 and his succession was opened in the parish of St. Martin, where he had lived and where the land was situated.

He left a large family of descendants and the parties in interest in this suit are his heirs at law.

Singleton, Ferdinand and Joseph Decuir, who purchased as above at the sale made in 1873, had all married daughters of Balthazar Decuir. Godfoy Decuir, who was the other purchaser, was his son.

Following the death of Balthazar Decuir, Alexander Singleton became curator of his succession.  He caused all the property of the succession, save the realty (the tract of land now in question) to be sold, paid out of the proceeds all the debts and charges against the estate, and filed an account showing a balance due the heirs and a tableau of distribution of the same among them.  This was in 1861.

The Civil War coming on, nothing further appears to have been done in this succession until 1872, when Bridget Decuir, wife of Prade, Joseph Decuir, husband of Elizabeth Decuir, and Godfoy Decuir filed a petition in the then parish court of St. Martin's parish, alleging their

heirship of Balthazar Decuir and giving the names of other descendants and heirs, whom they made parties defendant.

They averred the ownership in indivision of these heirs in the tract of land now in question, that they were unwilling to hold the same longer in indivision, and desired its partition.

They represented it could not be divided in kind to advantage among so many and asked its sale to effect partition.

An order or judgment in this proceeding was rendered in August 1873, directing the sale of the property and a commission issued to the sheriff of Iberia parish to effect the sale, which he did, and it was at this sale that Alexander Singleton, Joseph Decuir, William Ferdinand and Godfoy Decuir purchased as aforesaid.

It is this sale that the defendants herein rely upon to defeat the present demand for partition.

In reply to the answers of defendants setting up this sale in bar of the action, plaintiffs filed an amended petition, in which they averred that the tract of land is still held in common by the heirs of Balthazar Decuir for the reason that the judgment ordering the sale just alluded to and the sale itself were and are absolute nullities.

This nullity. it is represented, grows out of the fact, among others averred:—

That Eugenie Decuir, one of the heirs (and one of present plaintiffs), was not cited, nor legally represented in said suit and made no appearance therein—being at the time an absentee from the State.

That Odele Decuir, wife of Guillory, one of the heirs, was not asked to be cited, was not cited and did not become a party to the suit.   That the suit being an ordinary action for partition by heirs against heirs, all of full age, and the property being of a value exceeding $500, the Parish Court of St. Martin's parish was without jurisdiction, the property being situated out of the parish and defendants being non-residents of the parish.  That Alexander Singleton became a purchaser at the sale of a portion of the property in the teeth of a prohibitory law —he being at the time administrator of the succession.

The prayer of this amended petition was the same as in the original petition—that the partition be ordered and the property be sold to effect it.

The territory now forming the parish of Iberia originally pertained to the parishes of St. Mary and St. Martin.

In 1868 the parish of Iberia was created.   That part of the new par-

ish where the land in question is situated was, prior to 1868, within the jurisdiction of St. Martin parish. So that, when the partition suit of Bridget Decuir *et al.* vs. Celimene Decuir *et als.,* No. 6789 on the docket of the Parish Court of St. Martin parish, was instituted in 1872, it was with reference to property then situated in another parish, and against defendants residents of that other parish.

The trial judge looked upon the instant suit as one to set aside and annul the judgment rendered by the Parish Court of St. Martin parish in 1873 and the sale of realty made by the sheriff of Iberia parish in that year in virtue of that judgment.

In this he was mistaken. The present suit has for its object the partition of property represented to be still held in undivided ownership by the heirs of Balthazar Decuir.

Holding that under Article 608 of the Code of Practice an action of nullity can only be brought before the court, or its successor, which rendered the judgment, and that no discretion was left to him since the record disclosed patent on its face a jurisdiction other than his, he dismissed the suit for want of jurisdiction, reserving to plaintiffs all legal rights in the proper forum.

The error of this ruling lies in the failure of the judge to distinguish between judgments that may be voidable and those absolutely void.

As to the former, suits of nullity must be brought before the court which rendered the judgments. As to the latter, if a judgment is absolutely null for defects patent on the face of the proceeding, the party opposing its effect as to him need not resort to a direct action in the court which rendered it to secure the declaration of its nullity.

Bledsoe vs. Erwin, 33 La. Ann. 618. In that case the court used this language:—

"If the charge of nullity of judgment had been coupled with a main and controlling demand, the question of validity of judgment could be inquired into and determined by any court having jurisdiction of that demand, which was the true or real object of the suit."

And it was there held that in an action to recover land from one who claims to have acquired it under a judgment absolutely null, it is not necessary that the plaintiff should even allude to such judgment.

See also Clark vs. Hebert, 15 La. Ann. 279.

If a judgment be an absolute nullity, this nullity may be invoked by any one against whom it is interposed, at any time and anywhere.

This proposition is supported by a long line of decisions of which the following are some:—

Edwards vs. White, 29 La. Ann. 650; Alter vs. Pickett, 24 La. Ann. 515; Bernard vs. Vignand, 1 N. S. 8; Quine vs. Mayes, 5 R. 511; Williams vs. Clark, 11 La. Ann. 761; Simpson vs. Hope, Sheriff, 23 La. Ann. 556; Madden vs. Fielden, 19 La. Ann. 505; Walnorth vs. Stevenson, 24 La. Ann. 251; Conery vs. Rotchford, Brown & Co., 30 La. Ann. 692.

If the Parish Court of St. Martin parish, which rendered the judgment and ordered the sale upon which defendants herein rely, was without jurisdiction *ratione materiae* to entertain the suit, the judgment and the sale predicated upon it are absolute nullities, the judgment never existed as a judgment, and this could be taken advantage of by plaintiffs in the present suit in the District Court of Iberia parish. They are not driven, as the court ruled, to a direct action to annul in the court of St. Martin parish.

Alter vs. Pickett, 24 La. Ann. 515-517; Edwards vs. Edwards, 21 La. Ann. 611; Hartman vs. Rentrope, 21 La. Ann. 662.

So, too, if a judgment be rendered without citation, and when there has been nothing deemed by the law the equivalent of citation or appearance, it imports such an absolute nullity that any one the least interested in opposing its effects may have such nullity pronounced, and it may be so pronounced by the court having jurisdiction of the then main demand, whether it be the tribunal which rendered the void judgment, or some other.

Walnorth vs. Stevenson, 24 La. Ann. 251; Simpson vs. Hope, Sheriff. 23 La. Ann. 556; Madden vs. Fielden, 19 La. Ann. 505.

Here it is urged by plaintiffs that the Parish Court of St. Martin had no jurisdiction *ratione materiae* in the matter of the judgment and sale of property ordered in 1873. It is insisted that the Parish Court, under the Constitution of 1868, had no jurisdiction of a suit for partition of property where the value of the property exceeds $500.00, and Johnson vs. Labatt, 25 La. Ann. 143, is cited in support of this.

It is further insisted that in matters relative to the partition of real property, suit must be brought in the parish where the property is situated, and C. P. 105 is cited.

Again, it is urged that one of the heirs, who was a non-resident of the State (now one of plaintiffs), was not cited, or represented in that suit, and that others were not legally cited, nor made appearance in the case the equivalent of citation. It is insisted that in a suit for the partition of succession property *all* the heirs must be made parties, and

where one of the heirs is not made a party the judgment ordering partition is null. In support of this C. P. 1024; Miguez vs. Delahoussaye, 25 La. Ann. 531, and Kindrick's Heirs vs. Kindrick, 19 La. Ann. 36, are cited.

It is further urged that Singleton, the administrator of the succession, the partition of whose remaining property, after payment of the debts, among the heirs was the object of the suit in St. Martin parish in 1872 and 1873, became the purchaser of part of the property, and it is insisted that the sale, certainly as to the property he bought, is a nullity because contravening a prohibitory law.

It is not our purpose to pass upon any of these questions now. They have not been adjudicated by the court of the first instance. The case comes to us practically dismissed by the district judge upon an exception of want of jurisdiction.

We hold there was error in this, and that the case must be sent back.

We hold, further, that the present suit is one for partition of property, and that when defendants interpose a former judgment of sale under it as a shield of defense, plaintiff may urge as against such judgment the existence of absolute nullities rendering the same void *ab initio,* and is entitled to have the issue thus raised passed upon, and is not driven to bring an action of nullity in the court of St. Martin parish.

All rights to all parties in reference to these issues are reserved.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and that this cause be remanded to the court *a qua* for further proceedings according to the views herein expressed and the law—appellees to pay cost of appeal.

PROVOSTY, J., takes no part.