HALL, Judge.
Plaintiff appeals from the judgment of the trial court annulling a default judgment *248 entered against the State of Louisiana through the Department of Transportation and Development (hereinafter referred to as the Department) for plaintiff’s failure to comply with the notice requirements of LSA-C.C.P. Art. 1704. We affirm.
Plaintiff filed suit against the Caldwell Parish Police Jury seeking specific performance of a compromise and settlement agreement and damages for the defendant’s breach of the agreement. By amended and supplemental petition filed October 15, 1980, the plaintiff added the Department as a party defendant since the Department was also a party to the compromise and settlement agreement.
The agreement resulted from a suit filed by the plaintiff seeking a judgment ordering the police jury and the Department to construct an access road from a blacktopped public highway to plaintiff’s camp house near the Columbia locks and dams on Oua-chita River. In return for the plaintiff’s dismissal of the suit, the police jury agreed to construct an access road to plaintiff’s property and to maintain that road. The Department agreed to reimburse the police jury for all costs of construction incurred in building the access road.
In the present suit, the Department failed to answer plaintiff’s petition, and on January 29,1981 a preliminary default was entered against it. On January 30,1981 the Department filed exceptions of no cause or right of action and of vagueness. A judgment overruling these exceptions was rendered on April 12, 1981. The Department still failed to answer plaintiff’s petition and, consequently, on May 28, 1981 the plaintiff confirmed a default against it. On June 10, 1981 the Department then filed a motion to annul this judgment on the basis that the plaintiff failed to comply with the requirements of LSA-C.C.P. Art. 1704. The court granted the state’s motion and declared the default judgment absolutely null.
LSA-C.C.P. Art. 1704 reads as follows:
“A. Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities, a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally upon the attorney general or the first assistant attorney general at the office of the attorney general. If the minute entry and the petition are served on the attorney general by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the attorney general with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition the return receipt shall be attached to the affidavit which was filed in the record.
“B. If no answer is filed during the fifteen days immediately following the date on which the attorney general or the first assistant attorney general received notice of the default as provided in Subsection A of this Section, a judgment by default entered against the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities may be confirmed by proof as required by Article 1702.”
It is not disputed that plaintiff did not comply with the requirements of Article 1704. Plaintiff argues that the article is inapplicable since the Department had actual knowledge of the pendency of the suit. Plaintiff also argues that the statute is inapplicable because this case had been specifically assigned to an attorney for the Department of Transportation and Development and was not being handled by the attorney general’s office. Plaintiff’s arguments have no merit. The language of the statute is clear and unequivocal and admits of no exceptions. It is clear that the article was added to the Code of Civil Procedure to afford the state additional protection *249 against the rendition of default judgments against it; the article was apparently designed to prevent just what happened in this case.
A final judgment shall be annulled if it is rendered against a defendant against whom a valid judgment by default has not been taken. LSA-C.C.P. Art. 2002. Since Article 1704 must be complied with prior to the confirmation of a judgment of default against the state or any of its departments, failure to comply with that article’s requirements renders the default judgment invalid.
For the reasons assigned the judgment of the trial court is affirmed at plaintiff’s cost.
Affirmed.