TED R. BROYLES, Judge pro tern.
A default judgment was rendered in the lower court in favor of Charles Shaw, plaintiff in reconvention, against defendant in reconvention, Louisiana Department of Transportation, Division of Public Works, State of Louisiana for 40% of the sum of $332,458.75. The State of Louisiana, through the Department of Transportation and Development, appealed suspensively and devolutively.[1]
Article 1704 of the Louisiana Code of Civil Procedure sets forth the exclusive method for taking a judgment by default against the State of Louisiana, or any of its departments or agencies, as follows:
“A. Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against the state or any of its departments ...a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally upon the Attorney General or the First Assistant Attorney General at the office of the Attorney General. If the minute entry and the petition are served on the Attorney General by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the Attorney General with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition, the return receipt shall be attached to the affidavit which was filed in the record.
B. If no answer is filed during the fifteen (15) days immediately following the date on which the Attorney General or the First Assistant Attorney General receive notice of the default as provided in Subsection A of the Section, a judgment by default entered against the state or any of its departments ... may be confirmed by proof as required by Article 1702.” (Emphasis supplied)
The record clearly reflects that reconve-nor failed to comply with the requisites of LSA — C.C.P., Article 1704. We hold, therefore, that the judgment by default is an absolute nullity under C.C.P. Article 2002(2). See, also, Bonnette v. Caldwell Parish Police Jury, 415 So.2d 247 (La.Appeal 2d Cir.1982); Decuir v. Decuir, 105 La. 481, 29 So. 932 (La.1901); LeGlue *299 Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir.1980) (for discussion on distinction between absolute and relative nullity).
It is pertinent to observe that counsel for appellee concedes in his brief the invalidity of the decree rendered.
Appellant asserts other assignments of error, one or more of which may be meritorious. Having thus concluded, however, it would serve no useful purpose to rule on the remaining assignments.
Appellant also urges peremptory exceptions of prescription and no cause of action, filed after taking the appeal. It is appropriate that those exceptions be submitted to the trial court for disposition. LSA-C. C.P. Article 928 B.
For the above and foregoing reasons the default judgment rendered in favor of plaintiff in reconvention, Charles Shaw, and against defendant in reconvention, State of Louisiana, Louisiana Department of Transportation, Division of Public Works (Louisiana Department of Transportation and Development) is hereby reversed and the matter is remanded to the District Court for further proceedings.
All costs at trial and on appeal in connection with this default judgment are assessed against Charles Shaw.
REVERSED AND REMANDED.

. We refer to Charles Shaw and the State of Louisiana as plaintiff in reconvention and defendant in reconvention, respectively, because they have designated themselves as such in the pleadings.