CHARLES R. JONES, Judge.
The instant suit arises out of a claim for unemployment compensation with the Louisiana Department of Labor (hereinafter “LDL”) filed by the Appellant, Carey B. Casbon. The LDL suspensively appeals the default judgment rendered by the district court in favor of Ms. Casbon. We reverse.
Ms. Casbon instituted a claim for unemployment compensation after leaving her employment with Pere Antoine, Inc., due to a dispute over her work hours. Ms. Casbon alleged that while she was originally told that her hours would be flexible because she had small children, she was reprimanded for coming in late, and subsequently quit. The LDL determined that Ms. Casbon left her job without good cause and for reasons that were not attributable to changes in her employment by Pere Antoine, Inc. The LDL further determined that she was disqualified from receiving unemployment benefits. Ms. Cas-bon subsequently appealed the decision li>by the LDL, which was later affirmed by the Administrative Law Judge. She then appealed to the Board of Review, which also affirmed.
On July 21, 2003, Ms. Casbon sought judicial review of the Board’s decision pursuant to La. R.S. 23:1634, which allows 60 days to file an answer and the administrative record with the district court. The LDL was served with the Petition for Judicial Review of Unemployment Compensation on August 6, 2003. However, on September 9, 2003, the district court granted a default judgment in favor of Ms. Casbon, and reversed the decision of the Board of Review. The district court confirmed the judgment against LDL on Sep *1027 tember 15, 2003. It is from this judgment that LDL seeks review by this Court.
The language of La. C.C.P. art. 1704 provides that prior to confirming a default judgment against a state agency, the Attorney General must be served with the minute entry of the default hearing and provided with a certified copy of the petition. Ubosi v. Sowela Technical Institute, 584 So.2d 340 (La.App. 3rd Cir.1991); Humphries v. Louisiana Dept. of Public Works, Div. Of Transp. And Dev., 498 So.2d 297 (La.App. 3rd Cir.1986); Bonnette v. Caldwell Parish Police Jury, 415 So.2d 247 (La.App. 2nd Cir.1982). When a party has failed to comply with La. C.C.P. art. 1704, the courts have stated that, “the language of the statute is clear and unequivocal and admits of no exceptions. It is clear that the article was added to the Code of Civil Procedure to afford the state additional protection against the rendition of default judgments against it ...” Bonnette, 415 So.2d at 248-249.
In the case at bar, the LDL is a department of the state to which the provisions of La. C.C.P. art. 1704 are clearly applicable. As the record fails to evidence that the Attorney General was served with the minute entry of the default |salong with a certified copy of the petition, a confirmation of the default judgment by the district court was improper.
DECREE
For the reasons stated herein, the default judgment granted by the district court in favor of Carey B. Casbon is reversed and remanded for further proceedings.
REVERSED AND REMANDED.