# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-924 consolidated with 17-925


**ANTONIO FONTENOT, ET AL.**

**VERSUS**

**CITGO PETROLEUM  CORPORATION, ET AL.**

**Consolidated with**

**DONALD WELCH, ET AL.**

**VERSUS**

**CITGO PETROLEUM CORPORATION, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-2626 C/W 2007-3059
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  John D. Saunders, Elizabeth A. Pickett, Shannon J. Gremillion, and Candyce J. Perret, Judges.


### AFFIRMED, IN PART, REVERSED, IN PART.


**Thibodeaux, Chief Judge, concurs in part and dissents in part and assigns written reasons.**
**Pickett, J., concurs in part and dissents in part with written reasons.**
**Perret, J., concurs in part and dissents in part for the reasons assigned by Chief Judge Thibodeaux.**

**Robert E. Landry**
**Kevin P. Fontenot**
**Patrick D. Gallaugher, Jr.**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry**
**901 Lakeshore Drive, Suite 900**
**Lake Charles, LA 70601**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Citgo Petroleum Corporation**

**Kirk Patrick, III**
**Heath Savant**
**Donahue, Patrick & Scott**
**P.O. Box 1629**
**Baton Rouge, LA 70821-1629**
**(225) 214-1908**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**R & R Construction Co.**

**Wells T. Watson**
**Jake D. Buford**
**Bagget, McCall , Burgess, Watson & Gaughan**
**3006 Country Club Road**
**Lake Charles, LA 70605**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Antonio Fontenot, et al.**

**Marshall  Simien, Jr.**
**Simien Law Firm**
**One Lakeshore Drive, Suite 1110**
**Lake Charles, LA 70629**
**(337) 497-0022**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Citgo Petroleum Corporation**

**Richard E. Wilson**
**Somer G. Brown**
**Cox, Cox, Filo, Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Antonio Fontenot, et al.**

**Craig Isenberg**
**Joshua Cox**
**Kyle W. Siegel**
**Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.**
**909 Poydras Street, 24th Floor**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Citgo Petroleum Corporation**

**James Patrick Cooney**
**Royston, Razor, Vickery, & Williams, LLP**
**1600 Smith Street, Ste. 5000**
**Houston, TX 77002**
**(713) 224-8380**
**COUNSEL FOR DEFENDAN/T APPELLANT:**
    **Citgo Petroleum Corporation**

**SAUNDERS, Judge.**

This appeal involved the claims of fourteen plaintiffs who allege that they sustained injuries from an exposure to sulfur dioxide and hydrogen sulfide released by a refinery. The trial court awarded the plaintiffs for their injuries as well as for fear of future injury and a combination of mental anguish/loss of enjoyment of life.

The owner of the refinery appeals raising two assignments of error. We affirm, in part, and reverse, in part.

## FACTS AND PROCEDURAL HISTORY:

The plaintiffs in this case include a group of workers at the Firestone Polymers plant across Highway 108 from the Citgo Petroleum Corporation's refinery in Lake Charles, Louisiana. The plaintiffs were exposed to sulfur dioxide and hydrogen sulfide on June 19, 2006, when a gas release occurred. The symptoms the plaintiffs endured included eye, nose, and throat irritation, headaches, congestion, and chest pains.

After a trial, the trial court awarded damages to nine of the plaintiffs for fear of future injury. Further, the trial court awarded damages to all fourteen of the plaintiffs for a combination of mental anguish/loss of enjoyment of life. Citgo files this appeal, alleging two assignments of error.

## ASSIGNMENTS OF ERROR:

1. The district court erred in awarding damages for fear of future injury to nine plaintiffs because they presented no evidence that their claimed exposure to SO2 and H2S during the June 2006 event was capable of causing future health problems.

2. The district court erred in awarding damages for mental anguish and loss of enjoyment of life to 10 plaintiffs who either did not provide testimony at all regarding these claims, or whose testimony on these matters solely was tied to future health concerns (and, thus, the awards were duplicative of the invalid awards based on fear of future injury.)

**ASSIGNMENT OF ERROR NUMBER ONE:**

Citgo's first assignment of error is that the trial court's award for fear of future injury to nine plaintiffs was in error because there is no evidence in the record that the substances released during the June 2006 event can cause future health problems, and such evidence is necessary in order to recover for fear of future injury.

Findings of fact are subject to the well-established manifest error standard of review. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). Contrarily, legal errors are subject to the likewise well-established de novo standard of review. *Evans v. Lungrin*, 97-541 (La.2/6/98), 708 So.2d 731.

Citgo argues that the trial court's award was in error because there is no evidence in the record that the substances the plaintiffs were exposed to can cause future health problems. Its argument is predicated on the fact that a plaintiff seeking damages for fear of future injury must show at least the possibility of suffering damages from the result of some tortious conduct, citing *Broussard v. Olin Corp.*, 546 So.2d 1301 (La.App. 3 Cir. 1989). We agree that a plaintiff bringing a fear of future injury claim must show a possibility that the injury at least could happen in the future.

In *Broussard*, 546 So. 2d at 1303 (emphasis added), this court stated:

> Plaintiff argues that the trial court erred in not allowing plaintiff to testify as to his fear of cancer. Defendant filed a motion in limine relative to such testimony which the trial judge granted for oral reasons which have not been included in the record on appeal.

> Plaintiff cites *Anderson v. Welding Testing Laboratory, Inc.*, 304 So.2d 351 (La.1974), as dispositive of the issue. The court in *Anderson* concluded that plaintiff's fear of cancer resulting from a severe radiation burn was a compensable residual of the accident. Evidence was adduced that cancer *could* result from a radiation burn.

> In the case before us[,] plaintiff did not show that cancer *can* result from phosgene gas poisoning. Plaintiff would have us

2

distinguish between compensating plaintiff for an actual risk of cancer and compensating plaintiff for his fear of cancer. Mere speculation concerning an event cannot provide the basis for an award for anxiety. *Berry v. City of Monroe*, 439 So.2d 465 (La.App. 2d Cir.), *writ denied*, 443 So.2d 597 (La.1983). The trial court did not abuse its discretion in disallowing testimony as to plaintiff's fear of cancer.

Dr. Barry Levy, plaintiff's expert epidemiologist, stopped short of testifying that the plaintiffs "are at risk for future health problems that result from the June 19, 2006 exposure" stating "I've offered no opinion on that." Contrarily, there is evidence in the record from studies indicating that there are no known future health threats from either sulfur dioxide ($SO_2$) or hydrogen sulfide ($H_2S$) in the type of exposure endured by the plaintiffs.

Regardless of this, the trial court stated in its reason for judgment:

It is fear of the unknown that bothers people a great deal. The plaintiffs fear in this regard is not something they conjured up in their own minds in some fanciful or imaginary way. Their fears for years have a rational basis and can be expected and even anticipated. Dr. Levy didn't say future affects could not happen. He just didn't give an opinion on that issue. And of course we all know that some things which once were considered safe have now been found to be unsafe. . . . [W]ho knows what future studies will show with regard to these substances[?] Will these substances be found to be more dangerous than we once thought? We don't know.

Accordingly, after a thorough review of the record, we find that the plaintiffs produced no evidence that the substances they were exposed to, sulfur dioxide ($SO_2$) and hydrogen sulfide ($H_2S$), can cause future injury. We find that the trial court's judgment awarding the plaintiffs damages for fear of future injury is based on "mere speculation" as referenced in *Broussard*. Accordingly, we find merit to Citgo's first assignment of error, and we reverse the trial court's judgment awarding the plaintiffs damages for fear of future injury.

## ASSIGNMENTS OF ERROR NUMBER TWO:

Citgo's second assignment of error is that the trial court erred in awarding damages for mental anguish and loss of enjoyment of life to ten plaintiffs who

either did not provide testimony at all regarding these claims, or whose testimony on these matters was tied solely to future health concerns, which make the awards duplicative of the awards based on fear of future injury. We find some merit to this assignment of error.

As stated above, findings of fact are subject to the well-established manifest error standard of review. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). Contrarily, legal errors are subject to the likewise well-established de novo standard of review. *Evans v. Lungrin*, 97-541 (La.2/6/98), 708 So.2d 731.

General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. *Duncan v. Kansas City So. Ry. Co.*, 00-66 (La.10/30/00), 773 So.2d 670, 682. The standard of review applicable to a general damages award is the abuse of discretion standard. *Bouquet v. Wal–Mart Stores, Inc.*, 08-309 (La.4/4/08), 979 So.2d 456, 459.

"Mental anguish and grief refers to the 'pain, discomfort, inconvenience, anguish, and emotional trauma' that accompany the injury. *McGee* [*v. A C And S, Inc.,* 05-1036 (La.7/10/16), 933 So.2d 770,] 775." *Rachal v. Brouillette*,12-794, p. 5 (La.App. 3 Cir. 3/13/13), 111 So.3d 1137,1142. The *McGee* court went on to describe loss of enjoyment of life as the "detrimental alterations of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury." *McGee*, 933 So.2d at 775.

In this case, the trial court gave awards to ten plaintiffs under a combination of mental anguish and loss of enjoyment of life. It is recognized jurisprudence that loss of enjoyment of life is recoverable as a separate element of general damages. *See McGee*, 933 So.2d 770. While mental anguish is considered merely an element of general damages, "general damages in Louisiana are routinely dissected.

4

Courts commonly list different elements of general damages, including mental anguish and physical pain and suffering, both past and future, separately." *Id* at 775-76.

Citgo divided the ten plaintiffs into two categories. First, it claims that four of the plaintiffs, Donald Guillory, Leslie Landry, Jeremy LaPoint, and Gregory McDonald, provided no testimony regarding mental anguish or emotional distress. We agree.

Donald Guillory, Leslie Landry, Jeremy LaPoint, and Gregory McDonald testified to various symptoms from the exposure. However, none of those plaintiffs testified to any mental anguish or loss of enjoyment of life. Thus, we reverse their awards for mental anguish/loss of enjoyment of life.

Second, Citgo admits that the remaining six plaintiffs, Antonio Fontenot, Jeffery Guillory, Shelia Nickerson, Daniel Racca, Bryan Thomas, and Donald Welch, it addresses in this assignment of error raised general concerns regarding their future health, but it points out that their awards for mental anguish/loss of enjoyment of life were duplicitous of their awards for fear of future injury. We find no merit to this position.

We reversed their awards for fear of future injury in Assignment of Error Number One. Thus, any argument that these awards are duplicitous is negated. Further, there is ample evidence in the record to support the awards to each of these six plaintiffs as they expressed concerns indicative of mental anguish or at least some emotional trauma. One plaintiff testified that he was "worried about later . . . if it comes back." Others, while just learning at trial that their fears were unfounded, nevertheless, can reasonably be found to have suffered mental anguish for having fear of what they were exposed to and what those substances could cause in the future from the time of the injury up until trial. For example, one

5

plaintiff expressed a fear of cancer until trial when she learned that the substances she was exposed to do not cause cancer. Another stated, "I don't know what I was exposed to or how bad the effects could be, chronically."

Given the status of the record, we find that the trial court abused its discretion in awarding Donald Guillory, Leslie Landry, Jeremy LaPoint, and Gregory McDonald for mental anguish/loss of enjoyment of life. Thus, we reverse their awards. However, we find no abuse of the discretion afforded the trial court to award the six plaintiffs, Antonio Fontenot, Jeffery Guillory, Shelia Nickerson, Daniel Racca, Bryan Thomas, and Donald Welch, for mental anguish/loss of enjoyment of life. As such, we affirm their awards.

## CONCLUSION:

Citgo Petroleum Corporation raises two assignments of error. We find merit to the first that the trial court erroneously awarded damages for fear of future injury. We find merit to part the second regarding four of the ten plaintiffs' awards for mental anguish/loss of enjoyment of life, while finding no merit to the remaining part of the second regarding six of the ten plaintiffs' awards for mental anguish/loss of enjoyment of life. Each party is to pay its own costs of these proceedings.

**AFFIRMED, IN PART, REVERSED, IN PART.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-924 consolidated with 17-925

ANTONIO FONTENOT, ET AL.

VERSUS

CITGO PETROLEUM  CORPORATION, ET AL.

Consolidated with

DONALD WELCH, ET AL.

VERSUS

CITGO PETROLEUM CORPORATION, ET AL.

THIBODEAUX, Chief Judge, concurs in part and dissents in part.

I concur in the award of mental anguish to the six plaintiffs, Antonio Fontenot, Jeffery Guillory, Shelia Nickerson, Daniel Racca, Bryan Thomas, and Daniel Welsh.  I disagree with the reversal of the awards to Donald Guillory, Leslie Landry, Jeremy LaPoint, and Gregory McDonald and with the reversal of the awards for fear of future injury.

CITGO does not complain of general damages; it only complains of damages for fear of future injury and for mental anguish.  It was established that 200,000 pounds of sulphur dioxide and massive amounts of hydrogen sulfide were released into the atmosphere and into the area of the Firestone employees. Firestone is located directly across the highway from CITGO.  The trial court heard extensive testimony from experts Frank Parker, an industrial hygienist, and Barry Levi, a preeminent toxicologist and epidemiologist.  The trial court also

heard testimony that sulphur dioxide turns into sulfuric acid when it reaches the mucus membrane of the respiratory track. The Occupational Health Guideline recommends medical surveillance because it just doesn't vanish; it lingers. Dr. Springer who examined all of the plaintiffs testified that sulfur dioxide can be difficult to get rid of and it does not take much to throw someone into a chronic condition.

Moreover, the trial court said: "I find each plaintiff credible and worthy of belief in so far as to their exposures to hydrogen sulfide and sulphur dioxide air releases on June 19, 2006, at CITGO's Refinery AND how each individual was affect [sic] initially and thereafter." (Emphasis added). It is axiomatic and needs no citation that we must give vast deference to these findings. The majority has not.

For the foregoing reasons, I concur in part and dissent in part.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-924 consolidated with 17-925


ANTONIO FONTENOT, ET AL.

VERSUS

CITGO PETROLEUM CORPORATION, ET AL.

consolidated with

DONALD WELCH, ET AL.

VERSUS

CITGO PETROLEUM CORPORATION, ET AL.


**Pickett, J., concurs in part and dissents in part with written reasons.**

I agree with Judge Saunders that the plaintiffs failed to prove that the chemicals released could cause future injury. Therefore, I concur in the reversal of the trial court's award of damages to the plaintiffs for fear of future injury.

I also agree that the award of damages for mental anguish/loss of enjoyment of life to Donald Guillory, Leslie Landry, Jeremy LaPoint, and Gregory McDonald are not supported by the evidence. Therefore, I concur in the reversal of mental anguish/loss of enjoyment damages to those four plaintiffs.

I disagree with Judge Saunders that the remaining six plaintiffs can recover damages for mental anguish for fear of future injury from the date of the injury to the date of trial. Having determined that the plaintiffs failed to prove that sulfur dioxide and hydrogen sulfide have any long-term health effects, Judge Saunders appropriately finds that any award for fear of future injury would be "mere speculation," and such damages are not recoverable pursuant to *Broussard v. Olin Corp.*, 546 So.2d 1301 (La.App. 3 Cir. 1989). The plaintiffs attempt to re-characterize this same fear as mental anguish/loss of enjoyment of life damages. I do not believe the scope of the defendant's duty extends to damages which the

plaintiff has failed to prove exist, whether characterized as fear of future injury or mental anguish for fear of future injury. Thus, I respectfully dissent from the majority opinion to the extent it affirms mental anguish/loss of enjoyment of life damages to Antonio Fontenot, Jeffery Guillory, Shelia Nickerson, Daniel Racca, Bryan Thomas, and Donald Welch.