# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 23-744


**BAYLIE FAITH ARNAUD**

**VERSUS**

**DEVIN GEORGE, IN HIS CAPACITY AS
STATE REGISTRAR AND BUREAU
DIRECTOR, OFFICE OF VITAL STATISTICS**


**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NUMBER C-20233956, DIVISION L
## HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHARON DARVILLE WILSON
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.


**VACATED AND REMANDED.**

**Baylie Faith Arnaud**
**204 Cascade Palm Court**
**Youngsville, Louisiana 70592**
**(337) 692-9114**
**PLAINTIFF/APPELLEE IN PROPER PERSON**

**Neal R. Elliott, Jr.**
**Bureau of Legal Services**
**Louisiana Department of Health**
**Bienville Building**
**Post Office Box 3836**
**Baton Rouge, Louisiana 70802-3836**
**(225) 342-1128**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nadine Smith, State Registrar and Bureau Director,**
    **Office of Vital Records**

**Nadine Smith**
**State Registrar and Bureau Director**
**Office of Vital Records**
**1450 Poydras Street, Suite 400**
**New Orleans, Louisiana 70112**

**WILSON, Judge.**

In this appeal, Nadine Smith,[1] State Registrar and Bureau Director for the Office of Vital Statistics (the State Registrar), requests that this court reverse the judgment requiring her to issue a new certificate of live birth to change the gender marker for Baylie Faith Arnaud (Arnaud) from female to male. Finding that the procedural requirements of La.Code Civ.P. art 1704 were not followed, we find that the judgment is an absolute nullity, vacate the judgment, and remand the matter to the district court for further proceedings.

## I.

## ISSUES

The State Registrar asserts that the judgment at issue herein is essentially a default judgment rendered against a state agency without ensuring that the procedural requirements of La.Code Civ.P. art 1704 were followed and that the judgment is null pursuant to La.Code Civ.P. art. 2002(A)(2) since the State Registrar was not served with the petition. In the alternative, the State Registrar argues that, if the petition was served correctly, then the district court erred in rendering a final judgment without holding "a hearing where the proof/evidence could be offered and introduced into the record" for consideration pursuant to La.R.S. 40:62(C).

## II.

## STANDARD OF REVIEW

We review this record de novo since a reversible legal error was made in the district court regarding the issuance of a default judgment against the State Registrar

---

[1] During the pendency of this matter, Nadine Smith succeeded Devin George as the State Registrar and Bureau Director for the Office of Vital Records.

where the procedures mandated by La.Code Civ.P. art. 1704 were not followed. *Fontenot v. Citgo Petroleum Corp.*, 17-924 (La.App. 3 Cir. 5/23/18), 247 So.3d 837.

## III.

## FACTS AND PROCEDURAL HISTORY

On or about July 24, 2023,[2] Arnauld filed a petition for gender marker change in the Fifteenth Judicial District Court. Attached to the petition are the following documents:[3] (1) affidavit of verification with the notarized signature of Arnaud, dated July 24, 2023; (2) letter signed by Dr. Ethan Larson indicating that Arnaud underwent a sex change operation on March 2, 2022; and (3) Dr. Mary J. Murphy's April 13, 2021 statement indicating that Arnaud had appropriate clinical treatment for gender transition. The petition has a paragraph stating that "it is mandatory that the Louisiana State Registrar be served with a copy of this Petition and be cited to answer it." The petition also contains a "PLEASE SERVE" instruction indicating that the State Registrar should be served at the Office of Vital Records, 1450 Poydras Street, Suite 400, New Orleans, Louisiana. The record, however, is devoid of any indication that citation and service of the petition were ever made on the State Registrar. The only other documents contained in the record are: (1) a notice of Arnaud's change of address;[4] (2) the judgment signed on October 11, 2023; (3) a blank certificate of service accompanying the judgment; (4) a notice of signing of

---

[2] The copy of the petition in the record bears a stamp that says "STAMPED COPY GIVEN" but does not bear a date or time stamp from the clerk's office.

[3] The State Registrar points out that Arnaud's original birth certificate is not attached to the petition as required by La.R.S. 40:62(B).

[4] This court notes that this is Arnaud's last known address and that this court's file contains a mailing addressed to Arnaud at this address that was returned to sender.

2

judgment addressed to Arnaud only; (5) the signed motion and order for this appeal; and (6) the notice of appeal.

## IV.

## LAW AND DISCUSSION

"Citation and service thereof are essential in all civil actions except summary and executory proceedings . . . Without them all proceedings are absolutely null." La.Code Civ.P. art. 1201(A). Louisiana Revised Statutes 40:62 sets forth the procedure that a person must follow for the "[i]ssuance of new birth certificate after anatomical change of sex by surgery." A suit authorized by La.R.S. 40:62 "shall be filed contradictorily against the state registrar[.]"

Louisiana Code of Civil Procedure Article 2002(A)(2) provides that "[a] final judgment shall be annulled if it is rendered . . . [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken." In the brief to this court, the State Registrar requests that this court recognize the judgment as an absolute nullity and remand the matter to the district court for further proceedings. "Generally, a question regarding sufficiency of service of process cannot be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment." *Hall v. Dep't of Pub. Safety & Corr.*, 22-374, p. 5 (La.App. 5 Cir. 7/23/23), 374 So.3d 139, 144. "The justification for requiring a separate suit is so that a hearing can be held to ascertain facts regarding whether defendants were properly served." *Tour Holdings, LLC v. Larre*, 18-503, p. 4 (La.App. 1 Cir. 12/6/18), 267 So.3d 735, 737. However, this court has recognized that a judgment rendered against a defendant who has not been served as required by law is an

absolute nullity, which may be attacked "at any time and before any court." *LeGlue Buick, Inc. v. Smith*, 390 So.2d 262, 264 (La.App. 3 Cir. 1980).

In this case, there is no evidence in the record that citation and service were made on the State Registrar, and no hearing was held before the district court signed the judgment ordering the State Registrar to change Arnaud's gender marker from female to male and to issue a new certificate of live birth. Furthermore, Arnaud did not file a brief with this court. Even assuming that there was valid citation and service of the petition for gender marker change on the State Registrar, the signing of the judgment in this case was tantamount to the signing of a default judgment since no answer was filed by the State Registrar and since no hearing was held. Louisiana Code of Civil Procedure Article 1704(A) provides that notice of the intent to obtain a default judgment against the state or a political subdivision, along with a certified copy of the petition, must be served on the Attorney General of Louisiana and that an affidavit with a return receipt of service must be executed and filed in the record. Then, "[i]f no answer or other pleading is filed during the twenty-one days immediately following the date on which the attorney general . . . received notice of the intent to obtain a default judgment . . . , a default judgment . . . may be rendered upon proof as required by Article 1702." La.Code Civ.P. art. 1704(B).

We are cognizant of the fact that Arnaud is a pro se plaintiff and "should generally be given more latitude than plaintiffs represented by counsel because they lack formal training in the law and rules of procedure. Nevertheless, a *pro se* litigant assumes responsibility for [his] lack of knowledge of the law[.]" *In re Med. Review Panel Claim of Scott*, 16-145, pp. 14–15 (La.App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058 (citations omitted), *writ denied*, 17-63 (La. 2/17/17), 216 So.3d 53. Furthermore, "[t]he language of the statute is clear and unequivocal and admits of

4

no exceptions. It is clear that [Article 1704] was added to the Code of Civil Procedure to afford the state additional protection against the rendition of default judgments against it[.]" *Bonnette v. Caldwell Par. Police Jury*, 415 So.2d 247, 248–49 (La.App. 2 Cir. 1982).

The record in this case clearly reflects that the requirements of Article 1704 were not followed, and we find that the judgment is absolutely null for this reason. *See Humphries v. La. Dep't Pub. Works, Div. of Transp. & Dev.*, 498 So.2d 297 (La.App. 3 Cir. 1986).

Because we find that the judgment is an absolute nullity, we need not consider the State Registrar's argument that La.R.S. 40:62(C) requires the district court to conduct an evidentiary hearing.

## V.

## CONCLUSION

For all of the aforementioned reasons, we find that the district court's October 11, 2023 judgment ordering the State Registrar to issue a new certificate of live birth for Baylie Faith Arnaud is an absolute nullity. The judgment is vacated and the matter is remanded to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**